## THEOBALD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 8, 1925.)

No. 6608.

1. **Indictment and information** ⬅125(27)—**Indictment against employé of national bank for abstracting checks held not duplicitous.**

An indictment against an employé of a national bank, under Rev. St. § 5209 (Comp. St. § 9772), for abstracting checks from the funds and credits of the bank, *held* not duplicitous because it charged that he embezzled, abstracted, and willfully misapplied the checks.

2. **Banks and banking** ⬅257(1)—**Indictment held to show sufficiently that abstraction was without authority.**

Indictment charging employé of national bank with abstracting travelers' checks *held* to show sufficiently that the act charged was done without authority.

3. **Banks and banking** ⬅256(3)—**Travelers' checks held by bank for issuance to customers held "credits," within meaning of embezzlement statute.**

The word "credits," as used in Rev. St. § 5209 (Comp. St. § 9772), making it an offense for an officer or employé of a national bank to embezzle, abstract, or misapply any of the money, funds, or credits of the bank, includes papers intended to represent, and which could perform and were intended to perform the function of, credits, such as travelers' checks kept for issuance to purchasers.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Credits.]

4. **Banks and banking** ⬅257(3)—**Evidence held to sustain conviction of employé for abstracting credits of bank.**

Evidence that an employé absconded, and that he cashed travelers' checks belonging to the bank, *held* sufficient to sustain a conviction for abstracting the checks.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Orie L. Phillips, Judge.

Criminal prosecution by the United States against Paul Ernest Theobald. Judgment of conviction, and defendant brings error. Affirmed.

Charles A. Coakley, of Tulsa, Okl., for plaintiff in error.

Frank Lee, U. S. Atty., of Muskogee, Okl.

Before STONE and KENYON, Circuit Judges, and KENNEDY, District Judge.

STONE, Circuit Judge. This is a writ of error from a conviction upon an indictment charging Theobald to·be guilty of abstracting travelers' checks in violation of section 5209, Rev. St. (Comp. St. § 9772). These travelers' checks were in the form following:

"Travelers' Check.

"Signature of Holder                No. C65321.
    "..............
"The National City Bank of New York through its correspondents as per accompanying list
"50   Will pay to the order of .........50
"When not negotiated in the United States, this check is to be converted into local currency at the current buying rate for bankers checks on New York

"Fifty Dollars United States Currency

"When countersigned with the signature of the holder as shown above
"The National City Bank of New York
"Countersignature
    "..............
"This signature must agree with that of the holder as shown above
            "J. A. Stillman, President.
            "W. H. Tappan, Cashier."

On the reverse side of which travelers' check was the following directory matter, to wit:

"Wherever presented this check is to be considered as a draft on the National City Bank of New York, New York.

"In countries where revenue stamps are required the amount of same is to be paid by the holder."

These forms were deposited with the First National Bank of Ardmore, Okl., under an arrangement that made the depository responsible therefor and gave to it a stated commission for handling and issuing the checks to customers. The indictment charged (in a separate count as to each check) that Theobald "abstracted" the checks from the "funds and credits" belonging to the Ardmore Bank and thereafter transferred and put them in circulation.

[1] The first point here urged is that the indictment is duplicitous because it charges that accused embezzled, abstracted, and willfully misapplied the travelers' checks whereas each one of these acts is a different of-

fense. This objection is not well taken because the gravamen of this charge is the abstraction.

[2] It is also contended that the indictment is defective because it does not charge that accused did these things "without the authority from the directors." The charge in the indictment is that the acts were done "without the knowledge or consent of the said National Banking Association or any person authorized to give such consent, and with the unlawful, fraudulent and felonious intent of him, the said Paul Ernest Theobald, to convert and appropriate the said check and the proceeds to be derived from the transfer and sale of same to his own use and benefit, and to permanently deprive the First National Bank of Ardmore of the said check and of the value thereof. * * * " This is certainly sufficient.

[3] It is contended that these travelers' checks were not "money, funds, or credits" within the meaning of the statute. We think "credits," within the act, include papers intended to represent and which could perform and were intended to perform the function of credits. Such was the character of these travelers' checks.

[4] The last point is that there was no evidence that the accused "abstracted" these checks. There was evidence that he did abscond and that he had cashed these checks; also that he was employed in the bank and might have access to these checks. We think this is evidence of abstraction.

The judgment should be and is affirmed.