## UNITED STATES v. JACKSKION.*
### No. 285.

Circuit Court of Appeals, Second Circuit.

March 27, 1939.

*Writ of certiorari denied 59 S.Ct. 1032, 83 L.Ed. —.

Louis Halle, of New York City, for appellant.

Gregory F. Noonan, U. S. Atty., of New York City (Peter J. Donoghue, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

Jackskion was indicted with two others for possession of two unregistered stills on the Metcalfe farm, Columbia County, for making mash on the same premises, for carrying on a distillery business without bond, and for conspiracy to commit these offenses. All three defendants were convicted. Only Jackskion appealed. He assigned as error the admission of his bank account in evidence and the submission of the case to the jury.

The two stills were located in the Metcalfe barn and were seized by government agents on June 23, 1937. There was evi-

dence from which the jury might reasonably draw an inference that the stills had been in operation for over a year. Jackskion, a farmer living in a neighboring township, had been under surveillance for some weeks prior to the seizure. According to the government agents, a truck was seen entering and leaving the Jackskion farm at unusual hours of the late night or early morning; Jackskion was observed on one occasion unloading five-gallon cans from the truck and placing them in his barn; on another occasion he was seen in a passenger automobile following the truck in the direction of the Metcalfe farm. The truck was seized when it arrived at the Metcalfe barn some hours after seizure of the stills; bags of sugar and five-gallon cans were found in the truck. Jackskion was arrested at his farm the day following seizure of the still. In his automobile were quantities of urea and yeast, both commonly used in fermentation of mash, and in his pockets $1,300 in cash. A search of his barn revealed bags of sugar and several hundred five-gallon cans. Jackskion gave the conventional excuses that he had leased part of his barn to a man whose address he did not know and that at the request of an unknown man he had picked up the yeast at a garage. He protested seizure of his automobile, according to the government agents, saying, "You have got the still and you have got me, and what else do you want?" He was also quoted as saying, "A man has to make a living somehow," and "If it wasn't for fellows like me you wouldn't have a job." Other evidence bearing on Jackskion was that he had bought 4,260 pounds of molasses in the first six months of 1937. While farmers frequently buy molasses for stock feed, Jackskion bought none after seizure of the still. It was also brought out, over Jackskion's objection, that his bank balance, which had averaged between $500 and $1,000 for years and stood at about $1,000 in May, 1936, had grown to $8,000 between May, 1936 and June, 1937. None of the defendants offered any evidence.

Jackskion urges that it was reversible error to admit evidence of his bank account, citing Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509. It is the general view that where a defendant is on trial for a crime in which pecuniary gain is the usual motive, evidence of the sudden acquisition of money by the defendant is admissible, even though the source of the money is not traced. Commonwealth v. Mulrey, 170 Mass. 103, 49 N.E. 91; Commonwealth v. Coyne, 228 Mass. 269, 117 N.E. 337, 3 A.L.R. 1209; People v. Connolly, 253 N.Y. 330, 171 N. E. 393; Campanelli v. United States, 9 Cir., 13 F.2d 750; O'Shea v. United States, 6 Cir., 93 F.2d 169; Wigmore on Evidence, section 154; Wharton's Criminal Evidence, section 194. As pointed out by Mr. Justice Holmes in Commonwealth v. Mulrey, supra, such evidence may, when taken with proof of other facts, have a logical tendency to prove criminal misconduct. The weight will of course vary, depending among other things on whether the money was kept secretively by the accused. See People v. Connolly, supra; O'Shea v. United States, supra. In Williams v. United States, supra, relied on by the appellant, the defendant was on trial for having extorted specific sums, $100 in one case and $85 in the other, from Chinese under color of his office as Chinese inspector. Evidence that he had deposited between $4,000 and $5,000 in his bank account in the year when the offenses were said to have been committed was held inadmissible. The discussion in the Williams case, however, shows that no general rule of evidence was laid down. The case is to be taken, we think, as no more than a ruling on the particular facts there presented. It was so treated by the Sixth Circuit in O'Shea v. United States, supra. We are therefore of opinion that the District Court was right in permitting the prosecution to show that Jackskion's bank balance, normally at an amount between $500 and $1,000, had in a year climbed to more than $8,000. It may be added that even if the admission of the bank account in evidence were erroneous, such error would not require reversal. The other evidence, wholly undisputed, sufficed to prove guilt beyond reasonable doubt. United States v. Brown, 2 Cir., 79 F.2d 321; United States v. Wexler, 2 Cir., 79 F.2d 526; United States v. Buchalter, 2 Cir., 88 F.2d 625; United States v. Reed, 2 Cir., 96 F.2d 785.

The appellant urges further that the case against him was so weak that the trial court should not have sent it to the jury. This point requires little discussion. As already mentioned, we deem the evidence pointing to guilt so strong that an impartial jury could not have failed to bring in the verdict returned in this case. The judgment of conviction will be affirmed.