## NEAL v. UNITED STATES.

### No. 11637.

Circuit Court of Appeals, Eighth Circuit.

Oct. 15, 1940.

Rehearing Denied Dec. 3, 1940.

Harry S. Swensen, of Minneapolis, Minn., for appellant.

Linus J. Hammond, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is the second appeal in this case. The opinion of the court on the first appeal is reported in 102 F.2d 643. On the first trial the appellant was convicted on two counts of an indictment, the first of which charged him with being an accessory after the fact to a felony committed by John L. Neal and the second with misprision of the same felony. On the first appeal the judgment of conviction on both counts was reversed and the case was remanded for a new trial. On the second trial the appellant was acquitted on count two of the in-

dictment and convicted on count one. The facts are stated in the opinion on the first appeal, and it will be unnecessary to recite them at length here.

The first count of the indictment under which the defendant now stands convicted charged that on and between August 24, 1937, and December 28, 1937, John L. Neal as principal stole and carried away from the First National Bank & Trust Company of Minneapolis, Minnesota, many thousands of dollars. It was then charged that the defendant became an accessory after the fact to the crime of John L. Neal in that he assisted and aided the principal in secreting the fruits of the offense by clandestinely placing $5,903 of the stolen money in a golf bag at his living quarters, thus attempting and intending to suppress evidence of the crime.

On the first appeal this court held that the government failed to prove that the $5,903 concealed in the golf bag had been stolen by the principal after August 24, 1937, the date when it became a federal offense to steal money from a national bank, or that it constituted the "fruits and proceeds of the offense", as charged in the indictment. On the second trial the government undertook to prove that a part of the $5,903 was stolen after August 24, 1937. The defendant, claiming that the evidence was insufficient to sustain the charge, moved for a directed verdict. The motion was overruled and the case submitted to the jury. A verdict of guilty having been returned upon which the defendant was sentenced to a term of two years in a penitentiary and fined $500, he again appeals.

■ While numerous assignments of error are urged on this appeal, none of them is substantial, other than the one assailing the sufficiency of the evidence. We have examined each of such alleged errors with care and they are without merit. They refer to the overruling of the demurrer to count one of the indictment, the admission of evidence, the refusal of requested instructions and to alleged improper argument to the jury. The demurrer was properly overruled. There was no prejudice in the admission of evidence. The instructions given by the court fully covered the issues, and they were complete and fair. The argument of the district attorney to the jury did not exceed the limits of fair argument. It would be useless, therefore, to extend this opinion by a consideration of these numerous assignments of error.

Upon the question of the sufficiency of the evidence, the government undertook to prove (1) that all of the $5,903 was stolen from the bank by the principal at some time either before or after August 24, 1937, and (2) that at least $60 was stolen after that date because this amount consisted of bills which were not issued and put into circulation by the Federal Reserve Bank until September and October, 1937.

The government's evidence on the first proposition consisted of John L. Neal's written confession, of a statement contained in a written assignment of the entire fund, both being made shortly after his apprehension, and of the oral testimony of several government witnesses to whom the written confession and assignment were given. In both the written instruments John L. Neal stated that the entire sum was taken from the bank by him. The government witnesses all testified, also, that Neal stated orally to them that it was all stolen money. On cross-examination the government witnesses conceded that after the written confession had been made Neal qualified his oral confession by the statement that a small amount of the money in the golf bag might have been a part of his earnings.

Proof of the second proposition, that $60 of the money found in the golf bag had not been issued and put in circulation until after August 24, 1937, was unqualified and undisputed.

John L. Neal testified at the second trial, repudiating his confessions and claiming that they were obtained from him by trickery. He testified that all of the money had been placed in the metal box in his room on or before September, 1936.

The defendant, testifying in his own behalf, related that after John L. Neal disappeared, he on December 28, 1937, found two metal boxes under his bed, one containing paper currency and the other containing $395 in silver; that he paid approximately $30 out of the silver so found and converted the remainder of it into paper bills; that he placed these bills with the other paper money and transferred all of it aggregating $5,903 to the golf bag. The possible inference sought to be shown by this testimony is that the $60 issued after August 24, 1937, may have been a part of the bills for which silver was exchanged about December 30, 1937.

Upon the issue thus presented the court gave a clear instruction to which no excep-

tion was taken by either party. In the instruction the court informed the jury that "Squire Neal cannot be guilty of being an accessory * * * based on theft of money prior to the date of August 24, 1937". Again, the court instructed: "it is necessary for the Government to show that some part of that money ($5,903.00) was stolen from the possession of the Bank by the defendant John Neal between those two dates (Aug. 24th and December 28th, 1937); and unless you so find, your verdict should be not guilty."

Upon the record, the jury was warranted in finding under the instructions of the court that all of the fund of $5,903 was stolen money and that at least $60 of this sum was stolen after August 24, 1937, as charged in the indictment. The jury were not required to believe the testimony of the Neals in support of the theory of the defense. The evidence in support of the government's theory was just as plausible and just as substantial and convincing.

█ Conflicts in the evidence, credibility of witnesses, the plausibility of explanations offered by the defendant, and the weight of the evidence are all questions for the jury. The sole question in this court is whether there is substantial evidence to support the verdict. In determining that question, where, as here, the jury have found the appellant guilty, the evidence must be considered in the view most favorable to the government. Shama v. United States, 8 Cir., 94 F.2d 1; Galatas v. United States, 8 Cir., 80 F.2d 15. So considered, the evidence was clearly sufficient to support a verdict of guilt.

The judgment appealed from is affirmed.