## HANSBROUGH v. UNITED STATES.
### No. 13181.

Circuit Court of Appeals, Eighth Circuit.
July 10, 1946.

**328**

Robert L. Spelbrink, of St. Louis, Mo., for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (David M. Robinson, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

By an indictment the appellant was charged with two offenses. The first count charged him with having transported in interstate commerce money stolen from the Chippewa Trust Company, of St. Louis, Missouri, a banking corporation, on February 26, 1945, in violation of § 415, Title 18, U.S.C.A. The second count charged him with the stealing of the money from the Trust Company, a member of the Federal Reserve System, in violation of § 592, Title 12, U.S.C.A. The appellant entered a plea of not guilty, and was tried. At the close of the evidence he moved for a directed verdict. The motion was denied, and the jury returned a verdict of guilty. The appellant was sentenced to five years imprisonment under each count, the sentences to run concurrently. On this appeal he challenges the sufficiency of the evidence to support his conviction.

If the appellant was properly convicted under either count, his sentence must be affirmed, since a conviction for either of the offenses charged will support the sentence imposed. Bowen v. United States, 8 Cir., 153 F.2d 747, 748, 749, and cases cited.

A detailed résumé of the evidence would serve no useful purpose. The evidence of the Government proved conclusively that between February 21, 1945, and February 26, 1945, someone stole $10,000 in currency from the Trust Company. The appellant contends that the Government's evidence was insufficient to justify an inference that he was the person who stole the currency.

The evidence adduced by the Government showed that the appellant had been an employee of the Trust Company for fifteen years prior to February 21, 1945; that his duties were those of janitor and messenger; that initially he was paid about $90 a month and was earning $132 a month on February 21, 1945; that he had access to the tellers' cages during banking hours and to the vault in which the currency was kept; that appellant was on duty as usual on February 21, 1945; that the Trust Company had on hand on that day approximately $152,000 in currency, of which $25,000 was in five-dollar bills; that the following day was a holiday; that appellant did not report for work after the twenty-first of February; that on the twenty-sixth the head teller of the Trust Company discovered the shortage of $10,000; that appellant was arrested in an intoxicated condition by the police of Chicago, Illinois, in a railway station in that city, on March 12, 1945; that at the time of his arrest he had a paper bag, two bottles of whiskey, and $7,256.68 in cash, including 1,445 five-dollar bills of the Federal Reserve Bank of St. Louis. Most of these bills were in the bag with one bottle of whiskey, but some were lying in front of the appellant on the

station platform. The evidence further showed that, at the time of his arrest, the appellant made false statements to the police as to his identity, the place of his residence, and his employment; that he attempted to bribe the police officers to release him; that he stated that he had not been in St. Louis for four years, and that the moneys in his possession represented the savings of twenty years and his winnings from gambling. The evidence also showed that prior to February 21, 1945, the appellant appeared to be in impecunious circumstances; that in 1941 he borrowed $53.00 from the Trust Company, which he repaid at the rate of $2.50 semi-monthly, and that he had occasionally procured advances on his wages or borrowed small sums from others in the Trust Company's employ.

The Government did not identify the particular bills found in the possession of the appellant in Chicago as bills abstracted from the Trust Company. The evidence, however, showed that similar bills were in its possession on February 21, 1945; that the appellant had access to them; that the $10,000 and the appellant disappeared from the Trust Company at or about the same time; and that the Trust Company was apparently the only source from which the appellant could have obtained the money which he had at the time of his arrest. The appellant did not take the stand. The evidence introduced in his behalf failed to explain his sudden affluence.

 Under the evidence, we have no doubt that the question of the appellant's guilt of the offenses charged against him was one of fact for the jury. In order to make a prima facie case against the appellant, the Government was not required to prove him guilty to a mathematical certainty or beyond the possibility of a doubt. Affronti v. United States, 8 Cir., 145 F.2d 3, 6. In ruling upon the question of the sufficiency of evidence to sustain a verdict of guilty, this Court must take that view of the evidence most favorable to the Government. Glasser v. United States, 315 U. S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Neal v. United States, 8 Cir., 114 F.2d 1000, 1002.

The sudden unexplained acquisition of wealth by an impecunious person at or about the time of a theft which he had an opportunity to commit, is competent evidence of guilt and will support his conviction. That has been recognized by this Court in Neal v. United States, 8 Cir., 102 F.2d 643, 648, and is the law generally. See 32 Am.Jur., Larceny, § 129, page 1040; 123 A.L.R. 121. The case of Theobald v. United States, 8 Cir., 3 F.2d 601, presents a somewhat comparable situation.

The court did not err in submitting the case to the jury.

The judgment appealed from is affirmed.