## WRIGHT v. UNITED STATES.
### No. 13395.

Circuit Court of Appeals, Eighth Circuit.
Jan. 27, 1947.

Heartsill Ragon, of Fort Smith, Ark., for appellant.

R. S. Wilson, U. S. Atty., of Van Buren, Ark. (David R. Boatright and Chas. A. Beasley, Jr., Asst. U. S. Attys., both of Fort Smith, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

On November 14, 1944, a freight car of the Missouri Pacific Railway Company was entered at Guernsey Siding, Arkansas, and 26 cases of beer, in transit from St. Louis, Missouri, to Harlingen, Texas, were stolen. The Government, by an indictment, charged appellant with the theft (18 U.S.C.A. § 409). On his plea of not guilty, he was tried, convicted and sentenced. He asserts that the evidence was insufficient to sustain his conviction.

The appellant introduced no evidence and interposed no objections to any of the evidence of the Government. At the close of the Government's case, he moved for a verdict of acquittal on the ground that the evidence was insufficient to sustain a verdict of guilty. The motion was denied. There were no requests for instructions and no objections were made to any instruction given.

To establish the appellant's connection with the theft of the beer, the Government relied upon evidence which showed that some of the stolen beer was traced to the cafe of a tourist court at Fulton, Arkansas, owned by K. G. Dudney; that appellant was living in a cabin in the tourist court; that a day or two after his arrest on Nov-ember 24, 1944, and while he was confined in the County Jail, he stated to the arresting officer that he had broken into the freight car and removed the beer and that he and Dudney had hauled it to Dudney's cafe. The investigation of the offense and the arrest of appellant were made by State officers. Whether the appellant, after his arrest, was or was not promptly taken before a committing magistrate is not disclosed by the evidence.

The officer who testified to appellant's admissions of guilt stated that they were not induced by any threats or promises. There was no evidence to the contrary and no contention was made at the trial that the admissions were involuntary or unlawfully procured. It is apparent that the appellant's position at the trial was that the evidence tending to prove that he had admitted his guilt was unworthy of belief.

Upon the review of a criminal case which has resulted in a conviction, this Court is required to take that view of the evidence most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Neal v. United States, 8 Cir., 114 F.2d 1000, 1002; Hansbrough v. United States, 8 Cir., 156 F.2d 327, 329. This rule requires the affirmance of the judgment appealed from. The issue which the appellant now seeks to raise by his assertion that his confession was coerced or illegally induced cannot be tried on appeal. This Court is a court of review and does not try or retry issues of fact. Ayers v. United States, 8 Cir., 58 F.2d 607, 608.

Under the circumstances of this case, the trial court properly admitted the testimony relating to appellant's oral confessions. United States v. Mitchell, 322 U.S. 65, 69, 64 S.Ct. 896, 88 L.Ed. 1140. "The mere fact that a confession was made while in the custody of the police does not render it inadmissible." McNabb v. United States, 318 U.S. 332, 346, 63 S.Ct. 608, 615, 87 L.Ed. 819. The question of the appellant's guilt or innocence was, under the evidence, for the jury to determine. Its determination is conclusive on review.

The judgment is affirmed.