**Herman HAGAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16451.**

United States Court of Appeals
Fifth Circuit.

United States Court of Appeals
Fifth Circuit.

June 21, 1957.

The first asserted improper ruling was the trial court's admitting into evidence testimony that the appellant when apprehended was found to be carrying on his person $1,242 in cash and a check for $245. Hagan's second complaint relates to the admission into evidence of an extra-judicial statement in the nature of at least a partial confession [2] over the objection that it was involuntary as a matter of law and, asserted for the first time on appeal, that it was obtained in violation of Rule 5, F.R.Crim.P., 18 U.S.C.A.[3]

Appellant with two other persons was apprehended running away from the vicinity of the unregistered distillery during a raid by federal (and other) officers on January 14, 1956. Upon searching appellant's person following his arrest, the officers found the aforementioned money. All three individuals taken into custody near the still site were placed in an automobile with two federal officers and driven to Atlanta, Georgia, some sixty miles distant. It was during this ride according to the officer-witnesses that the appellant made the admissions or confession in response to questions propounded by the officers. At the time the damaging statements were made the appellant had not been advised of his constitutional rights in regards to answering any of the questions.

■■■■ With reference to appellant's first contention concerning the amount of money in his possession, the ruling of the trial court was not erroneous. United States v. Jackskion, 2 Cir., 102 F.2d 683, 123 A.L.R. 116 certiorari denied 307 U.S. 635, 59 S.Ct. 1032, 83 L.Ed. 1517. Government witnesses, who had observed the still both on January 9 and January 14,

---

S. B. Wallace, Griffin, Ga., for appellant.

J. Robert Sparks, Asst. U. S. Atty., Atlanta, Ga., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

Appellant, convicted below of various nontax-paid moonshine whiskey operations,[1] is here contending that he is entitled to a new trial because, on two occasions, the Government was allowed by the trial court to prove too much.

---

**1.** The four counts of which he was found guilty were (1) possessing an unregistered distillery located in Pike County, Georgia, (2) unauthorized making and fermenting 1500 gallons of mash, (3) possessing unstamped distilled spirits, and (4) working in the unregistered distillery. 26 U.S.C.A. §§ 5601, 5216, 5008, 5681.

**2.** The oral statement by the appellant was to the effect that while he had been hired to work at the still and had so worked there, he did not own it.

**3.** "An officer making an arrest * * * shall take the arrested person without unnecessary delay before the nearest available commissioner * * *."

testified that there had been two "runs" of whiskey from the still during that period. Yet only one five-gallon jug of moonshine was found at the premises. Under such circumstances, the possession of a large amount of cash on the person of one apprehended in the vicinity of the illegal still and who admitted working there had probative value in further corroborating his role in the illegal enterprise. See, generally, McCormick, Evidence (1954), §§ 151, 152. Cf. Hansbrough v. United States, 8 Cir., 156 F.2d 327. Matthews v. United States, 5 Cir., 217 F.2d 409, 411, does not hold otherwise. And assuming this evidence to be otherwise inadmissible, it may have been pertinent in corroboration of the confession, Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192; Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101; and, in any case, it was harmless under the circumstances, F.R.Crim.P. 52(a). See United States v. Jackskion, supra.

■ As to the contention concerning the confession, appellant has now abandoned, with good reason, Montgomery v. United States, 5 Cir., 203 F.2d 887; Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090; Turner v. United States, 4 Cir., 222 F.2d 926, 931, certiorari denied 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742, his assertion at trial that the failure of the officers to advise the appellant as to his constitutional rights and the possible effect of his making any oral statement rendered the admissions inadmissible. His complaint now really is that it was somehow wrong for the officers to engage in informal questioning ("quizzing") where significant information is furnished without the accused being aware that a "confessing" project is underway. Neither the circumstances that the appellant was in custody at the time the statements were made, Joseph v. United States, 5 Cir., 239 F.2d 524; Gallegos v. State of Nebraska, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86, nor that they were made in response to questioning by the officers, Lyons v. State of Oklahoma, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481, renders them inadmissible.

■ Appellant's contention that Rule 5, note 3, supra was violated when the officers started to Atlanta (60 miles away) with their prisoners instead of to the nearer town of Newman where a Commissioner resided simply does not find support in the record. No point was made at the trial as to whether a Commissioner could be found nearer than Atlanta nor, if so, why the prisoners were transported to the latter city. Nor was the objection to the admission of the confession based on a violation of Rule 5. Under such circumstances, we are not faced with the problem of determining whether a violation of Rule 5 occurred and, if so, whether it constituted " * * * unlawful detention for the illegal purpose and with the illegal result of inducing the confession." Joseph v. United States, supra, 239 F.2d at page 527; see United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 1257, 88 L.Ed. 1140; United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48. The confession was properly admitted.

■ No more than a hint is made by appellant that since one of his codefendants was only convicted of one of the four identical counts under the same evidence, appellant could not be lawfully found guilty of all. We need only say that absolute consistency in a jury verdict is not required. Ehrlich v. United States, 5 Cir., 238 F.2d 481, 485.

Affirmed.