John Henry SELF

v.

**UNITED STATES of America.**

No. 16476.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1957.

---

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

Appellant, John Henry Self, tried alone upon his motion for severance, was found guilty and sentenced on an indictment in three counts charging him and Calvin Roy Orr of robbery of an insured bank in violation of 18 U.S.C.A. § 2113(a) and (d). The only error he argues for reversal is that the court below admitted, over his objection, testimony concerning money found in the possession of Orr when he was arrested the day after the Farmers Bank of Locust Grove, Georgia was robbed of the sum of $4,140.00. Appellant epitomizes his argument thus:

> "In order that evidence with regard to money found in the possession of a principal or an accomplice charged with robbery, the subject of which is money, may become admissible against either party, where the money is not identifiable as that taken in the robbery, the impecuniosity of the possessor prior to the robbery must be shown."

It is not argued that the evidence fails to show that appellant and Orr collaborated in robbing the bank, or that the acts and declarations of Orr in connection with the joint enterprise are inadmissible against appellant. The facts will be discussed in detail, therefore, only as they relate to the narrow point relied upon for reversal.[1]

Comer W. Padrick, Jr., Atlanta, Ga., for appellant.

James W. Dorsey, U. S. Atty., J. Robert Sparks, John W. Stokes, Jr., Asst. U. S. Attys., Atlanta, Ga., for appellee.

---

1. The verdict of the jury has settled the basic facts of the robbery as follows:

Appellant and Orr drove up in appellant's Cadillac car and parked in front of the residence of a witness who lived across the street from the rear of the bank, remaining in the car about twenty minutes before leaving it and walking towards the bank. About fifteen minutes later, the same witness saw them run out of the bank, enter the car and leave, appellant in possession of a shopping bag she had seen him carry into the bank. Employees of the bank testified to the details of the robbery by two men clad as described by the same witness. One of the pair used a gun, and the other gathered the bank's money into the shopping bag, and they left the bank by the route described by the first mentioned witness.

The two had endeavored to make arrangements with a witness, several days before the robbery, to drive the Cadillac

Appellant was arrested in New Jersey three days after the robbery while driving a Cadillac car, his wife and daughter accompanying him. The car was searched with appellant's consent, and $1,860.00 was found in two suitcases claimed by the wife and daughter. A total of $153.00 was found in the wallets of the three, and $140.00 was found secreted in an air vent of the Cadillac. Appellant, taking the witness stand, explained the presence of this money by stating that he was "pick-up man" for bookies who operated in connection with horse racing. Two five dollar bills found in one of the suitcases were identified as having been shipped by the Federal Reserve Bank in Atlanta to the robbed bank prior to the robbery.

When Orr was arrested and a search made, $236.00 in currency was found under his mattress, $200.00 in his shirt pocket; and $48.00 in coins, rolled in wrappers such as were used by the bank, was found in his home along with the $436.00 in currency. On the night of the robbery, Orr displayed to witnesses a big roll of money and a "stack of money a foot high." From evidence of employees of the bank the jury was justified in finding that the $48.00 in rolled coins was the money described by the bank employees as having been taken from the bank by the robbers. In Orr's home was found a mask and silk stocking resembling the one used by one of the robbers, and a baby blanket, thrown out of a taxicab by Orr, was identified as one habitually used by appellant as a bed for

in connection with a job which they had "cased."

Appellant admitted to a jail cellmate that he and Orr had robbed the bank, and told the cellmate of his plans to establish an alibi. He gave Government agents several statements in which he attempted to establish an alibi, and he took the stand in the same effort. He made several inconsistent statements as to what he was doing at the time of the robbery.

his dog which was accustomed to ride in his Cadillac car.

Appellant seeks reversal upon the argument that the possession by Orr of the large sums of money had no probative value, and that evidence of it was inadmissible without a showing that Orr did not have the large sums of money prior to the robbery. In other words, appellant argues that affluence after the robbery cannot be proven without first showing impecuniosity prior to the robbery.

A simple answer to this contention is that appellant did not object to the reception of this evidence on the ground that the predicate of Orr's impecuniosity had not been laid. If objection on that ground had been made, it is likely that the Government would have established the predicate by proof inasmuch as it did introduce proof of appellant's impecuniosity before the robbery. We cannot adjudge error in the ruling of the trial court in the reception of evidence where the ground of the objection urged upon us was not asserted at the trial. Matthews v. United States, 5 Cir., 1954, 217 F.2d 409, 50 A.L.R.2d 1187; and Giordenello v. United States, 5 Cir., 1957, 241 F.2d 575.

It is evident, also, that appellant misconceives the rule sometimes applied to reject evidence of possession of money after the commission of a crime without showing destitute circumstances of the party prior to the crime. The authorities cited do not tend to establish the rule as one of general or inflexible application.[2]

2. The cases relied upon by appellant all differ materially in their facts: Neal v. United States, 8 Cir., 1939, 102 F.2d 643; O'Shea v. United States, 6 Cir., 1937, 93 F.2d 169; Hansbrough v. United States, 8 Cir., 1946, 156 F.2d 327; Williams v. United States, 1897, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509; and 32 American Jurisprudence, Larceny, § 129, p. 1040.

The Neal case, for instance, involved the question whether the money possessed

The most that can be said of it is that proof of the unexplained possession of unusual amounts of money after a robbery, standing alone, is not competent evidence to connect the possessor with the robbery; but it becomes competent provided it is further shown that he was impecunious prior thereto.

■■ The money possessed by Orr after the robbery was sufficiently connected with that taken from the bank by other circumstances, some of which are recited above, and was admissible under the facts of this case without a showing of Orr's financial condition prior to the robbery.[3] And, finally, the reception of this evidence must, in any event, be classified as harmless under the strong showing of guilt against appellant.[4]

Appellant's attorney makes a thorough and painstaking statement in his brief of many objections interposed on behalf of appellant during the trial and of the evidence relating thereto, inviting us to examine the errors thus suggested under the plain error doctrine. This we have done, and have found no reversible error on the part of the trial court.

Both on the trial and on appeal, appellant has been represented in a capable way by court-appointed counsel, who have followed the highest traditions of the profession in their diligent preservation and presentation of every possible objection and point in appellant's favor. Appellant was given a fair trial and was convicted on overwhelming evidence, and the judgment of the court below is

Affirmed.

by the appellant came into his hands before or after an amendment of Aug. 24, 1937 to the statute involved. 12 U.S. C.A. § 588b.

In the Williams case, the appellant was charged with having extorted, under color of his office, $100.00 at one time and $85.00 at another. The court held that evidence was not admissible to show that, at a subsequent date, appellant had $4,-750.00 to his credit in the bank, when the deposit records did not show receipt of either of the specified amounts.

None of the cases sustain the position here taken that proof of unexplained acquisition of large sums of money is basically inadmissible without evidence of prior destitution.

3. Cf. Hagan v. United States, 5 Cir., 1957, 245 F.2d 556; and McCormick on Evidence, (1954) Par. 151–152.

4. Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.