**UNITED STATES of America, Appellee,**

v.

**Edward Kenneth PENSINGER, Appellant.**

**No. 76–1936.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1977.

Decided Feb. 17, 1977.

---

Thomas D. Hanson, Des Moines, Iowa, for appellant.

George H. Perry (former U. S. Atty.) and Paul A. Zoss (former Asst. U. S. Atty.), presently, U. S. Atty., Des Moines, Iowa, for appellee.

Before CLARK, Associate Justice, Retired,* and HEANEY and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

The appellant, Edward Kenneth Pensinger, was convicted of bank robbery under 18 U.S.C. §§ 2 and 2113(d) and sentenced to ten years imprisonment. We have carefully reviewed the record and find no merit to Pensinger's contentions that the trial court erred in permitting his former wife to testify, in admitting evidence concerning his financial condition and in denying his motion for a judgment of acquittal or a new trial based upon the insufficiency of the evidence to support the conviction.

Diana Jo Pensinger, the appellant's former wife, testified at trial that prior to their marriage, Pensinger told her that he had robbed the Highland Park State Bank. We find no merit to Pensinger's claim that the trial court abused its discretion under Fed.R.Ev. 104 in admitting the statements. It was clearly established that the statement was made prior to the marriage and thus was not within the scope of the marital privilege. *Pereira v. United States*, 347 U.S. 1, 7, 74 S.Ct. 358, 98 L.Ed. 435 (1954). She further testified about a four-party conversation with her husband Glynn Ovid Bishop[1] and his wife, which took place during her marriage to Pensinger and concerned details of the bank rob-

---

* TOM C. CLARK, Associate Justice, Retired, Supreme Court of the United States, sitting by designation.

1. Glynn Ovid Bishop was indicted along with Pensinger for armed bank robbery, 18 U.S.C. §§ 2 and 2113(d). Subsequently, Bishop entered into a plea agreement with the United States in which the bank robbery charge was dismissed and Bishop pled guilty to misprision of a felony. 18 U.S.C. § 4.

bery. While confidential communications between husband and wife during the course of marriage are privileged even after the marriage is ended by divorce, it cannot be said that this conversation was confidential because of the presence of third parties. *Pereira v. United States, supra* at 6, 74 S.Ct. 358; *Wolfle v. United States,* 291 U.S. 7, 14, 54 S.Ct. 279, 78 L.Ed. 617 (1934). *See also* McCormick, *Evidence* § 80 (2nd Ed. 1972); 8 Wigmore, *Evidence* § 2336 (McNaughton Rev.1961). The adequacy of the foundation for the introduction of evidence concerning the conversation was established by the conversation itself and the testimony of Bishop.

 Pensinger next contends that the trial court erred in admitting evidence with respect to his financial circumstances immediately before and immediately after the bank robbery. Unexplained evidence of wealth subsequent to the commission of a crime is relevant and generally admissible at the discretion of the trial court, *see United States v. Goldstein,* 456 F.2d 1006, 1011 (8th Cir. 1972), especially when there has been a showing that prior to the crime he had been impecunious. *Haas v. United States,* 344 F.2d 56, 63 (8th Cir. 1965); *Gill v. United States,* 285 F.2d 711, 713 (5th Cir. 1961), *cert. denied,* 373 U.S. 944, 83 S.Ct. 1554, 10 L.Ed.2d 699 (1963); *Self v. United States,* 249 F.2d 32, 34–35 (5th Cir. 1957). Here, the evidence established that Pensinger wrote several "insufficient funds" checks in the two weeks prior to the bank robbery; that the day before the robbery, he had stolen a credit card to buy gasoline; and that on the day of the robbery, he had a negative checking account balance. Thus, the trial court did not abuse its discretion in admitting evidence that three days after the robbery, Pensinger had a shoe box full of money in his possession; and that within the next two weeks, he had spent approximately $1,000 on a vacation and $2,500 on a car.

 Finally, the appellant contends that the trial court should have granted his motion for a judgment of acquittal or a new trial because the evidence was insufficient to support his conviction. We find no merit to this contention. Pensinger was implicated in the bank robbery by the extensive testimony of his accomplice, Glynn Ovid Bishop. This testimony was corroborated by statements Pensinger made to his former wife and others, by the shoe box of money seen in his possession and by the sudden improvement in his financial situation immediately after the bank robbery. Even the uncorroborated testimony of an accomplice is sufficient to support a conviction when the trial court, as it did here, properly instructs the jury that such evidence is to be "received with caution and weighed with great care." *See United States v. Prentiss,* 446 F.2d 923, 925 (5th Cir. 1971); *Smith v. United States,* 343 F.2d 539, 544–549 (5th Cir.), *cert. denied,* 382 U.S. 861, 86 S.Ct. 122, 15 L.Ed.2d 99 (1965). After a careful review of the evidence in the light most favorable to the government, *United States v. Gerald Lemarr Frye,* 548 F.2d 765 (8th Cir. 1977), we consider it sufficient to convince the jury of Pensinger's guilt beyond a reasonable doubt.