12-4444-cr
United States v. Handle Bulgin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fourteen.

Present:
> BARRINGTON D. PARKER
> PETER W. HALL,
> > *Circuit Judges*,
> KIYO A. MATSUMOTO,
> > *District Judge*.[1]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                   No. 12-4444-cr

HANDLE BULGIN,

> *Defendant–Appellant*.

_____

FOR APPELLANT:         Bruce R. Bryan, Esq., Syracuse, New York.

FOR APPELLEE:          Tanisha R. Payne, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York.

_____

[1] The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant–Appellant Handle Bulgin appeals from a judgment of conviction following a trial by jury in which Bulgin was found guilty of one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(vii), and three counts of distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D). On appeal, Bulgin argues the evidence was insufficient to establish that he knew the boxes he was handling contained marijuana. He also challenges the admission of evidence that included photographs of jewelry and money. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"We review *de novo* challenges to the sufficiency of the evidence underlying a criminal conviction, but a defendant bears a heavy burden, because we review evidence on a sufficiency challenge in the light most favorable to the government and draw all inferences in favor of the government." *United States v. Lee*, 723 F.3d 134, 143 (2d Cir. 2013) (internal quotation marks, citations, and alterations omitted). To succeed on such a challenge, a defendant "must show that no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt[.]" *United States v. Caracappa*, 614 F.3d 30, 43 (2d Cir. 2010) (internal quotation marks omitted). In the context of a prosecution for conspiracy pursuant to 21 U.S.C. § 846, "the government must show that two or more persons entered into a joint enterprise for an unlawful purpose, with awareness of its general nature and extent." *United States v. Torres*, 604 F.3d 58, 65 (2d Cir. 2010). Put alternatively, the government must prove "that the defendant knew that the conspiracy involved a controlled substance." *Id.* at 66.

2

Bulgin contends that the government failed to produce evidence that he knew the contents of boxes he transported and distributed to others contained marijuana, and thus the government failed to prove he was aware of the nature and extent of the conspiracy. In contexts similar to the one we face here, we have held that when a person possesses knowledge of the intention of a conspiracy to distribute drugs, and uses that knowledge "to facilitate or actually facilitates the crime, a jury may reasonably infer from this combination of knowledge and action that the defendant has adopted the known goal of the crime as his own." *United States v. Heras*, 609 F.3d 101, 107 (2d Cir. 2010). We have also explained that the government can support its case through either direct evidence or circumstantial evidence. *Id.* at 106. Reviewing the record in this case, we conclude that the government produced evidence upon which a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See generally Torres*, 604 F.3d at 67; *see also United States v. Santos*, 541 F.3d 63, 71–74 (2d Cir. 2008) (evidence of involvement in murders also supported conviction for conspiracy to distribute narcotics); *and see United States v. Huezo*, 546 F.3d 174, 181–84 (2d Cir. 2008) (evidence including both direct testimony by cooperating witnesses and law enforcement officials, as well as circumstantial evidence, was sufficient to demonstrate defendant understood the goal of the conspiracy).

The evidence here included testimony from numerous law enforcement officials testifying to the scope of their surveillance of Bulgin as he transported boxes of marijuana for delivery on multiple occasions. Specifically, Detective Isaias Colon surveilled Bulgin transporting large boxes from his place of employment to a gold minivan. Detective Colon testified that he and other officers later stopped that minivan for a motor vehicle violation, and when talking with the driver and passenger, the officers detected the strong smell of marijuana emanating from the vehicle. The vehicle was searched, and the boxes Bulgin had delivered to

3

the van were discovered to contain bricks of marijuana. The driver and passenger were later charged in state court. DEA Agent Baldus also testified to a similar sequence of events occurring at a later date, when he witnessed Bulgin transport boxes from his work to a BMW. Upon stopping the BMW, Agent Baldus also detected the strong odor of marijuana. A subsequent search of the BMW revealed boxes containing marijuana. The testimony of law enforcement officials included the description of yet a third incident during which Bulgin delivered boxes of marijuana to an automobile. The government also called several of Bulgin's fellow employees, who explained the scope of Bulgin's work responsibilities, including his role in the warehouse receiving, delivering, and mailing shipments where he worked with minimal oversight. Additionally, in Bulgin's possession at the time of his arrest the police found state court criminal documents related to the driver and passenger of the gold minivan.

Contrary to Bulgin's arguments on appeal, the evidence here demonstrates a level of involvement far more substantial than the passing involvement that we have held to be insufficient in other contexts. *See United States v. Ogando*, 547 F.3d 102, 108 (2d Cir. 2008) (a taxi driver's presence at a pick up with minimal additional evidence of personal contacts was insufficient to support conviction); *see also United States v. Lorenzo*, 534 F.3d 153, 160–61 (2d Cir. 2008) (the defendant's contacts with alleged co-conspirators were nonetheless insufficient to demonstrate that the defendant knew the purpose of the conspiracy); *and see United States v. Samaria*, 239 F.3d 228, 236–38 (2d Cir. 2001) (a cab driver's presence in a car with other conspirators and his assistance loading boxes were insufficient to demonstrate knowledge of the purpose of the conspiracy). Viewing the evidence here in the light most favorable to the government, we hold that it was sufficient to permit the jury to find that Bulgin knew the boxes contained marijuana, *see United States v. Davis*, 690 F.3d 127 (2d Cir. 2012) (upholding a conviction when the evidence included defendant's trips to originating location of shipments, his

4

recruitment of other co-conspirators, his attempts to conceal his identity as the receiver of shipments, and his possession of the ladings of sale), and thus was ample proof that Bulgin was a knowing participant in the charged conspiracy.

Bulgin also argues that the district court erred when it admitted three pieces of evidence: (1) the $21,300 seized from his bedroom; (2) the photographs of Bulgin with cash; and (3) photographs of jewelry or receipts. "We review evidentiary rulings for abuse of discretion[ . . . and w]e will find an abuse of discretion only where the trial judge ruled in an arbitrary or irrational fashion." *United States v. Kelley*, 551 F.3d 171, 174–75 (2d Cir. 2009) (internal citations and internal quotation marks omitted). We apply a highly deferential standard of review, recognizing "the district court's superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." *United States v. Coppola*, 671 F.3d 220, 244 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 843 (2013). Reviewing the record here, we conclude that the district court did not abuse its discretion in admitting the forgoing evidence. In other instances we have upheld a district court's decision to allow evidence of monetary gain when "a defendant is on trial for a crime in which pecuniary gain is the usual motive . . . ." *United States v. Jackskion*, 102 F.3d 683, 684 (2d Cir. 1939). Similarly, in *United States v. Tramunti*, 513 F.2d 1087 (2d Cir. 1975), we held that evidence of proceeds from a venture arguably disassociated from the crimes charged was admissible because "[e]vidence of *sudden* acquisition of large amounts of money is also admissible to prove criminal misconduct when pecuniary gain, as here, is the basic motive." *Id.* at 1105 (citing *United States v. Jackskion*, 102 F.3d 683, 684 (2d Cir. 1939)). Given that the contested evidence here tended to demonstrate pecuniary gain commensurate with the distribution of marijuana and was therefore relevant, *see* Fed. R. Evid. 401, the district court did not abuse its discretion by admitting it.

5

We have considered all of Bulgin's remaining arguments and conclude that they are without merit.  We, therefore, **AFFIRM** the October 24, 2012 judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
