[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14091
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60085-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY CADET,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(July 29, 2019)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Cadet appeals his 151-month sentences imposed after he pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(8).  On appeal, he contends that the district court erred by imposing consecutive sentences for the same conduct in violation of the Double Jeopardy Clause of the Fifth Amendment.  He also argues that the district court erred in applying a four-level enhancement under U.S.S.G. §  2K2.1(b)(6)(B) without making sufficient findings of fact to conclude that his possession of a firearm was in connection with another felony offense.

A claim of error which was not preserved below is reviewed for plain error. *Puckett v. United States,* 556 U.S. 129, 134 (2009).  Plain error review has four prongs:

> (1) There must be an error or defect that the appellant has not affirmatively waived; (2) it must be clear or obvious; (3) it must have affected the appellant's substantial rights; and (4) if the three other prongs are satisfied, the court of appeals has the *discretion* to remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*Id*. at 135.  "For a plain error to have occurred, the error must be one that is obvious and is clear under current law."  *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013).

In *United States v. Winchester*, we determined that a defendant should not be punished "under two or more separate subdivisions of 18 U.S.C. § 922(g)."  916

F.2d 601, 607 (11th Cir. 1990). We noted that under the interpretation urged by the government in *Winchester*, "a convicted felon who is also a fugitive from justice, a drug addict, a 'mental defective,' and an illegal alien, could be sentenced to five consecutive terms of imprisonment for the same incident, namely, the possession of a firearm." *Id.*

Here, Cadet was sentenced to 120 months on Count One for being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1), and 31 months, to be served consecutively, on Count Two for possession of the same firearm by a prohibited person under § 922(g)(8). The district court plainly erred in imposing consecutive sentences for Cadet's dual violations of § 922(g) in light of *Winchester*. The Government concedes error and that the error is plain. We reverse and remand, with instructions to resentence Cadet in accordance with that opinion. Consequently, Cadet's argument, that the district court improperly applied the § 2K2.1(b)(6)(B) enhancement, is moot, and we will not consider it at this time.

**REVERSED AND REMANDED.**