UNITED STATES of America, Appellee,

v.

Abraham NIRENBERG, Defendant-Appellant.

No. 179, Docket 24356.

United States Court of Appeals Second Circuit.

Argued Jan. 18, 1957.

Decided March 15, 1957.

See also 19 F.R.D. 121.

Abraham Nirenberg, pro se.

Leonard P. Moore, U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Frances T. Wolff, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y., of counsel), for appellee.

Before MEDINA and HINCKS, Circuit Judges, and LEIBELL, District Judge.

PER CURIAM.

The appellant on a separate trial was found guilty on three counts of an indictment charging him, together with other codefendants, with (1) a conspiracy under 18 U.S.C.A. § 371, to rob a bank in violation of 18 U.S.C.A. § 2113(a); with (2) the substantive offense of robbing a bank in violation of § 2113(a); and (3) with the commission of the bank robbery with a pistol and a submachine gun in violation of subsection (d) of § 2113. He was sentenced to five years on Count 1, fifteen years on Count 2, and twenty years on Count 3, all sentences to run concurrently.

The indictment was returned February 21, 1956. A week later the defendants were arraigned: two of them were represented by counsel; Nirenberg and another were not represented. The presiding judge asked if the attorneys present would represent all the defendants. One of them, Joseph Halligan, consented to represent Nirenberg, to which no objection was raised, whereupon he pleaded not guilty. Thereafter the same attorney, Joseph Halligan, met with Nirenberg in the House of Detention and was authorized to file a Notice of Appearance for him, which was done on March 16. Meanwhile, the case had been placed on the ready reserve calendar. In early May, after the case as to Nirenberg had been severed, Nirenberg, dissatisfied with his assigned counsel, procured a lawyer of his own choosing, James Han-

rahan, who filed a Notice of Appearance on May 11, and received a continuance until May 16, 1956. On that date, the court at Mr. Hanrahan's request granted another continuance until May 21. Thereupon Mr. Hanrahan requested another week's delay representing that the pressure of other trial work had prevented the preparation necessary for this trial. This request was denied. The Assistant United States Attorney then offered to postpone the trial for another day. This offer was declined and thereupon, a full three months after the indictment was returned, the trial began. Throughout the trial, the appellant was represented by Mr. Hanrahan.

■ It is now contended that it was error to deny a further continuance. We do not agree. We hold that Judge Bruchhausen's denial of a further continuance was a sound exercise of his discretion. United States v. Perlstein, 3 Cir., 120 F.2d 276, certiorari denied 316 U.S. 678, 62 S.Ct. 1106, 86 L.Ed. 1752; United States v. Yager, 7 Cir., 220 F.2d 795, certiorari denied 349 U.S. 963, 75 S.Ct. 895, 99 L.Ed. 1285; Nilva v. United States, 77 S.Ct. 431; Hardy v. United States, 186 U.S. 224, 22 S.Ct. 889, 46 L. Ed. 1137; Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229. Moreover, a reading of the transcript discloses no prejudice due to lack of preparation: Mr. Hanrahan appears to have conducted a thoroughly workmanlike defense.

It is our view that the alleged error discussed above is the only one advanced by the appellant which deserves comment. To set this case at rest, however, we will briefly rule on his other contentions.

■ After the jury box had been filled, Mr. Hanrahan conferred with Nirenberg and stated that the jury was "satisfactory to the defendant." It is now contended that the judge erred in failing on his own motion to examine into the qualifications of the jurors. The contention is wholly lacking in merit.

■ In a preliminary hearing to determine whether a written statement by the appellant was voluntary, Agent Rowan testified that he took the statement and that it was witnessed by another agent, Jenkins. The appellant then requested the court to have Jenkins brought to court from Buffalo for cross-examination. He contends that the failure of the court to comply with this request was error. We hold to the contrary: Federal Rules of Criminal Procedure, 17(b), 18 U.S.C.A. United States v. D'Ercole, 2 Cir., 225 F.2d 611.

■ There was no error in holding that money and other articles seized in the appellant's hotel room at the time of his arrest were inadmissible for lack of a search warrant. The seizure was incidental to a lawful arrest. United States v. Rabinowitz, 339 U.S. 56, 70 S. Ct. 430, 94 L.Ed. 653; Bartlett v. United States, 5 Cir., 232 F.2d 135.

■ Nor do we find error in the admission of evidence. The $1 bills left in the bank at the time of the robbery, the machine gun, and the round drum which fitted on the machine gun, each had probative force on an admissible objective.

■ Although the appellant does not raise this point, it is clear that the sentence on Count 2 must be vacated since the conviction on Count 2 became merged in the conviction of the offense in a higher degree as charged in Count 3. Miller v. United States, 2 Cir., 147 F.2d 372; Prince v. United States, 77 S.Ct. 403; Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392.

Affirmed as to Counts 1 and 3; sentence on Count 2 reversed.