UNITED STATES of America, Appellee,

v.

Charles TOMAIOLO, Defendant-Appellant.

No. 219, Docket 25596.

United States Court of Appeals Second Circuit.

Argued March 10, 1960.

Decided July 14, 1960.

Marvin E. Frankel, New York City (Anthony F. Marra, Attorney-in-Charge, The Legal Aid Society, and Shirley Fingerhood, New York City, on the brief), for defendant-appellant.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (Joseph J. Marcheso, Asst. U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, WATERMAN and LEWIS,* Circuit Judges.

* Of the Tenth Circuit, sitting by designation.

CLARK, Circuit Judge.

This is an appeal by Charles Tomaiolo from his conviction on two counts of armed bank robbery involving a bank in Brentwood, Long Island, New York, on November 29, 1955. The indictment on which he was prosecuted was in three counts, of which the first charged him with conspiring with others to commit the robbery and the second and third charged the substantive offenses of the robbery itself and of putting the lives of the bank employees in jeopardy during the robbery, in violation of 18 U.S.C. §§ 371 and 2113(a, d). His first trial resulted in his conviction on all counts. This was reversed, however, for errors in the course of the trial, although the evidence was held ample to convict, in United States v. Tomaiolo, 2 Cir., 249 F. 2d 683. A second trial resulted in his conviction upon the first or conspiracy count, but in a disagreement of the jury on the second and third counts. A third trial led to his conviction on these counts and to the present appeal. Leave to appeal *in forma pauperis* was denied below, but we granted it on November 30, 1959, assigning counsel and ordering a transcript of the evidence for his use. Although appeal has been taken from the earlier conviction on count one, it has not yet been prosecuted because the transcript of that trial has not been made available. The sentence on the first count was five years, while the sentence on the third count (in which the second was merged under United States v. Nirenberg, 2 Cir., 242 F.2d 632, 634, certiorari denied 354 U.S. 941, 77 S.Ct. 1405, 1 L.Ed.2d 1539) was for twenty years, to run concurrently with the first sentence. Until now, there has thus been no apparent need for pressing the first appeal. In view, however, of the action we are now taking, an order will be entered directing that a transcript of the evidence of the second trial be delivered to assigned counsel.

Since the defendant has already been tried three times, it is unfortunate that we feel compelled to reverse and to order yet a fourth trial. And it is perhaps doubly unfortunate that this must occur because of the reluctance of the prosecutor and the trial court to accept the policy of yielding pre-trial statements of prosecution witnesses to the defense for purposes of cross-examination, as originally defined in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, and later settled in the statute 18 U.S.C. § 3500. Here the statement refused the defense was that of the key witness for the prosecution (as the recital of facts in our previous opinion cited above demonstrates), and we think reversal compelled under Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287, and our own decision in United States v. McKeever, 2 Cir., 271 F.2d 669.

In the trial below it was undisputed that the robbery had occurred; that two armed men had entered the bank and forced the employees to hand over money under threats of violence; and that the mistress of one of these men and certain other men had been accomplices to the crime. One of the robbers, Nirenberg, also known as Al Newman, had been convicted, and the conviction affirmed in United States v. Nirenberg, supra, while other accomplices had been convicted or had pleaded guilty. Hence the only real issue below was whether defendant was the second of the two men who directly participated in the robbery. The compelling evidence of defendant's participation came from Nirenberg's mistress, referred to in our previous opinion as Mrs. Pauline Katz, but named at this trial as Pauline Newman, and also known as Pauline Halio or Sherman—an accomplice who was not prosecuted. While defendant did not testify, there was flatly contrary evidence from witnesses for the defense, and hence Pauline's credibility is crucial. After Nirenberg's arrest on February 12, 1956, Pauline made statements to an FBI agent, and thereafter testified before the grand jury on February 21, 1956, as to her knowledge of the bank robbery and of defendant's participation therein. The issue here involves the agent's written transcription

of her oral statements. The judge ordered production of a statement made and signed by her as Pauline Katz on February 17, 1956, but refused to order production of an earlier statement made on February 13, 1956, because after reading and correcting it, Pauline refused to sign it.

Thus no question is before us as to the statement of February 17; but since it is substantially similar to her trial testimony in its implication of the defendant in the crime, it emphasizes the importance of the first statement, made on February 13. For in that earlier statement, as prepared for her to sign, she denies any knowledge of defendant's participation, aside from a hearsay declaration made to her by Al Newman. The statement is in the handwriting of one of the two agents who witnessed it and purports to be the voluntary statement to the two agents, identified to her as such, of Pauline Halio, also known as Pauline Katz and Pauline Sherman. On its face it shows some 22 corrections of words stricken or words inserted, each of them initialed "PH." At the end, just before the agents' signatures as witnesses, appears the following: "The above fourteen page statement was submitted for reading at 6.25 PM 2/13/56 to Pauline Halio. She completed reading statement at 6.40 PM 2/13/56. She declined to sign statement." When the judge learned of this refusal, he sustained the prosecution's objection to ordering it delivered to defense counsel or to inform counsel of the identity of the agents, even though counsel endeavored at length both before the jury and in the absence of the jury to persuade the judge to reverse the exclusionary ruling. It is of course clear and made obvious by his briefs that the present defense counsel has not yet had this information, though he soundly surmises its value for the purposes of cross-examination.

The court was in error that Pauline's signature was vitally necessary here. See Bergman v. United States, 6 Cir., 253 F.2d 933, 935, note 1, per Judge (now Mr. Justice) Stewart. Presumably the transcription was not a written statement "signed or otherwise adopted or approved by" the witness, under 18 U.S.C. § 3500(e) (1); but that does not prevent it from being a "recording or a transcription * * * which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement," under 18 U.S.C. § 3500(e) (2). The many initialed corrections suggest the authenticity of the completed document. But if there was any question as to this, it behooved the judge to conduct a preliminary hearing *in camera* to resolve the question and determine the facts. This much at least is prescribed by the two cases above cited, Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287, and United States v. McKeever, 2 Cir., 271 F.2d 669, and failure to grant it requires reversal and remand.

Defendant raises various other issues of claimed misconduct of the prosecutor or error on the part of the trial judge. But these are of the kind which can and doubtless will be avoided on the retrial, and we see no purpose in now discussing them at length. We are vastly indebted to the New York Legal Aid Society and to assigned counsel for devoted and effective aid in the disposition of this case.

Reversed and remanded.