**UNITED STATES of America,**
**Appellee,**

v.

**Ramon HERNANDEZ, Defendant-**
**Appellant.**

**No. 181, Docket 25604.**

United States Court of Appeals
Second Circuit.

Argued Dec. 1, 1959.

Decided Aug. 24, 1960.

David F. Dobbins, New York City, for defendant-appellant.

William M. Tendy, Asst. U. S. Atty., S. D. N. Y., New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Otis Pratt Pearsall, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, WATERMAN, and MOORE, Circuit Judges.

PER CURIAM.

Defendant appeals after trial before a jury from judgments of conviction for violations of 21 U.S.C. §§ 173, 174. Concurrent five-year sentences were imposed upon convictions for facilitating a sale of narcotics and for conspiracy to sell narcotics.

The Government's evidence, as accepted by the jury, established the following facts: Defendant was approached in a Manhattan restaurant by one Pepe Socarra, a special employee, and one William Newkirk, an agent of the Federal Bureau of Narcotics. Socarra, with whom defendant was acquainted, described Newkirk as interested in purchasing a quantity of heroin. Upon Newkirk's agreeing to buy half an ounce for $75, defendant left the restaurant and returned shortly with one Joseph Lopez. After a conversation between defendant and Lopez, the latter departed to arrange for delivery of the narcotics. Newkirk testified that defendant described Lopez as "one of his partners or his supplier." Upon Lopez's return, he and Newkirk left the restaurant and, after walking a short distance, met one Santiago Alberto Fanfan and the sale was thereupon transacted. Newkirk was told that in the future he should deal not through defendant, but directly with Lopez and Fanfan, as they would thereby save money. Lopez pleaded guilty prior to trial, and Fanfan, a codefendant below, has not prosecuted an appeal.

While several assignments of error are raised, we find it necessary to consider only that relating to the trial court's refusal to inspect the minutes of Newkirk's grand jury testimony. The Government's case rested largely upon Newkirk's testimony, so that any doubts cast upon his credibility by a variance between such testimony and that given before the grand jury undoubtedly would have influenced the jury's deliberations. It was thus incumbent upon the trial court to inspect the minutes, as requested by the defendant, in order to ascertain whether any material inconsistencies existed. United States v. Zborowski, 2 Cir., 271 F.2d 661, 666; United States v. McKeever, 2 Cir., 271 F.2d 669, 672; United States v. Spangelet, 2 Cir., 258 F.2d 338; and see also United States v. Tomaiolo, 2 Cir., 280 F.2d 411. Its failure to do so requires that the conviction be reversed.

We are indebted to assigned counsel for unusually able presentation of this appeal.

Reversed and remanded for a new trial.