UNITED STATES of America, Plaintiff-Appellee,

v.

Fred CODUTO, Howard Frye and Coyit Baker, Defendants-Appellants.

No. 12847.

United States Court of Appeals Seventh Circuit.

Nov. 17, 1960.

Rehearing Denied, En Banc, Jan. 17, 1961.

Rehearing Denied, Panel, Jan. 18, 1961.

Charles A. Bellows, Jason Ernest Bellows, Chicago, Ill., (Sherman C. Magidson, Chicago, Ill., of counsel), for Fred Coduto. John J. Cogan, Chicago, Ill., for appellants, Howard Frye and Coyit Baker.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

The defendants Fred Coduto, Howard Frye and Coyit Baker were indicted in a nine count indictment. The indictment charged violations of Section 4705(a), Title 26 and Section 174, Title 21 U.S. C.A. Five of the counts were applicable to Coduto and charged him with unlawful sale of narcotic drugs, unlawful receipt, concealment, and facilitation of the transportation and concealment of narcotic drugs, and with conspiracy to violate the narcotic drug laws. The indictment embraced four alleged sales of heroin. Coduto was charged with two of the sales. Frye and Baker were charged with all four sales and named in all nine counts. Each of the defendants was found guilty by a jury of all counts applicable to him. Coduto was sentenced to a period of twenty years on each count; the sentence on count 7 to be consecutive to that on count 5. Frye and Baker were sentenced for a period of twenty years on each count, to run concurrently. All defendants appealed.

Coduto contends that the District Court erred in denying his motions for judgment of acquittal because of insufficiency of identification, in overruling objections to cross-examination of defendant concerning his financial affairs, in demonstrating antagonism toward defendant which prejudiced him with the jury, in failing to conduct a hearing to determine whether certain newspaper

items had prejudiced jurors, in failing to give requested instructions, in denying a motion for inspection of grand jury minutes of an informer's testimony, and that the sentence imposed is cruel, unusual, harsh and excessive. Frye and Baker contend that the District Court erred in denying their motions for acquittal because of the unreliability of the informer's testimony, in refusing to give a requested instruction on informer's testimony, overruling objections to the cross-examination of Baker as to the drug addiction and prison record of an acquaintance, in failing to conduct an examination into the question of juror prejudice resulting from certain newspaper articles, and in denying inspection of the grand jury minutes of the informer's testimony. Baker contends, in addition, that the court erred in denying his motion to suppress evidence taken from him.

The main contested issues are:

1. Does the evidence viewed in a light most favorable to the Government support the verdict below?

2. Was the cross-examination of the defendants Coduto and Baker proper and not prejudicial?

3. Did the newspaper articles complained of require allowance of the motion for mistrial?

4. Can allegedly prejudicial newspaper accounts not theretofore called to the attention of the court be raised for the first time by motion for a new trial?

5. Did the court properly deny the application for inspection of the grand jury minutes?

6. Were the statements and conduct of the court below prejudicial?

7. Was the sentence imposed upon defendant Coduto cruel and unusual?

8. Did probable cause and reasonable ground exist under the Fourth Amendment and under 26 U.S.C. § 7607 for the arrest and incidental search of the defendant Baker?

Frye and Baker attack the sufficiency of the evidence to sustain their convictions on the ground of lack of credibility of the informer witness, an exconvict and admitted seller of narcotics over a fifteen year period, who, at the time of the events he testified to, was charged with the violation of State narcotic laws. Coduto, in addition, attacks the sufficiency of the informer's testimony identifying him as the person who delivered a package, later ascertained to contain heroin, to the informer on the night of August 18, 1958 while seated in a parked car and to whom the informer, McNeal, handed the money in payment; and who, McNeal testified, on the following night picked up Frye in a car which stopped at a street intersection within the view of McNeal who was seated three or four feet from the window of a bar located on the corner. McNeal also testified that Coduto was the person who, about 12:30 A.M. on August 20, 1958, delivered narcotics to Baker from a parked car about thirty yards from where McNeal was seated in a car in which Baker had driven him to the location.

■■ In our review of defendants' convictions we must view the evidence in a light most favorable to the government on the issue as to whether the case was properly submitted to the jury. United States v. Pinna, 7 Cir., 229 F.2d 216. This is not a case where the informer's testimony is without corroboration. The situation here is unlike that in Panci v. United States, 5 Cir., 256 F.2d 308, relied upon by defendants, and the credibility of the informer witness was a matter for the jury and is not here open for our consideration. United States v. Taylor, 7 Cir., 266 F.2d 310. In United States v. Anderson, 7 Cir., 101 F.2d 325, 331 we said:

"* * * Much is said by appellants about incredible witnesses and untrustworthy evidence, but counsel must know that with these questions we are not permitted to concern ourselves."

The identification of Coduto was corroborated by the testimony of investigator, Turnbou, who identified Coduto as the person who picked up Frye on the

night of August 19th at the intersection. The record further discloses that the money furnished the informer to pay for the narcotics purchased was dusted with a fluorescent powder and the serial numbers of the bills recorded. Other witnesses who examined each of the defendants after their arrest under ultraviolet light testified to the presence of luminescence from fluorescent material on the fingers and knuckles and over the front of Frye's shirt and on the cuticles of the fingers and on the outer right palm of Baker's hand and that fluorescent material was present in Coduto's ears, on his legs and underclothing, and in his wallet. Two fifty-dollar bills found in Baker's wallet matched the serial numbers of the money given to McNeal.

We believe it would serve no useful purpose to attempt to set forth or summarize the testimony of the various witnesses concerning the meetings between McNeal and Frye and Baker, the contacts with Coduto, the transaction of each of the four sales alleged and the surveillance of the informer and his movements by the investigators. We have carefully reviewed the record and find that there was more than ample evidence to substantiate the verdict of the jury. No question exists as to the identification of Frye and Baker and what we have said above adequately disposes of the issue of credibility and of the issue of identification as to Coduto.

The record establishes that Coduto was the head man of the operation and that in the short period involved, August 9 to 19, 1958, the volume of trafficking in narcotics with one customer, McNeal, involved the sum of $4700.00. Coduto testified that he was a loader on a city garbage truck. In our opinion a foundation existed for examination as to the financial affairs of Coduto and that the District Court properly exercised its discretion in affording wide latitude in cross-examination on the subject to probe the credibility of the witness. United States v. Lawinski, 7 Cir., 195 F.2d 1, 7. Defendant's reliance on Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509, is misplaced. United States v. Jackskion, 2 Cir., 102 F.2d 683, 684, 123 A.L.R. 116, certiorari denied 307 U.S. 635, 59 S.Ct. 1032, 83 L.Ed. 1517, effectively distinguished and pointed out the limitations of the Williams case. There was no error in permitting the inquiry into Coduto's financial affairs on cross-examination.

The contention of error as to the cross-examination of Baker relates to questions asked him concerning his relationship with a Miss Wright, her character and her background. McNeal testified that Miss Wright delivered one of the packages of narcotics to him while the two were seated in a Packard automobile in a parking lot across from the Barbecue operated by Frye and Baker. Baker on direct examination testified that on August 18, 1958 he got into a Packard automobile with McNeal, that the car was owned by Miss Wright whom he had known for five or six years. In this setting the jury was entitled to know the relationship, if any, between Miss Wright and Baker and her background, if for no other purpose than to test Baker's denial of participation in the sales and possession of the narcotics involved. United States v. Lowe, 3 Cir., 234 F.2d 919, 922.

Error is alleged because of denial of a motion for mistrial predicated upon certain newspaper accounts. The motion was made after the jury was selected and sworn but before the introduction of evidence commenced. In a colloquy, out of the presence of the jury, defense counsel stated that two newspapers of that day had carried articles, from which he read, referring to the trial of the defendants, naming them, and in one of which Coduto was referred to as having been described by prosecutors as "the key figure in the narcotics traffic" and in the other in which Coduto, in conjunction with a caption "Million Dollar Dope Trade" was described as having been referred to by the chief investigator for the State's Attorney as "Mr. Big in local narcotics"

and "his dope trade a million dollar a year business".

■ If the impropriety of such publication, whether factual or not, in advance of the trial be conceded, nevertheless, the record does not disclose that any of the jurors had read or heard of the articles in question. Under the circumstances here shown we can not say that the trial court's denial of the mistrial motion was error requiring reversal for a new trial. Paschen v. United States, 7 Cir., 70 F.2d 491. In Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250, cited by defendants the record disclosed that the articles were read by some of the jurors. They contained recitals of specific factual material, inadmissible in evidence, consisting of references to two previous felony convictions of the defendant and his prescribing drugs although not a physician. Here, in addition to there being no showing that any juror read or was acquainted with the articles their content was a general characterization of the reputed activities of one of the defendants. We do not make this distinction as justifying such publications and we are mindful of the observance made in Pashen over a quarter of a century ago as to the seeming futility of the repeated admonition of the courts against pretrial publication which can result in prejudice. But able counsel here, although requesting a mistrial on the basis of the publication alone, made no claim that any of the jurors read or knew of the articles, nor did he ask for their interrogation on the subject. We are of the opinion from our examination of the record that the guilt of the defendants is well established and under the particular facts and circumstances here involved, including the contents of the articles described and the instruction given by the court directing the jurors "wholly to disregard" anything which contrary to the court's admonitions they may have read, seen or heard concerning the case, we are not disposed to say that there was error requiring reversal for a new trial.

■ We regard in the same light the District Court's denial of a motion for a new trial predicated upon similar references to Coduto in additional newspaper articles appearing during the trial, and furthermore, the failure of the defendants to call these articles to the attention of the trial court during the course of the trial precludes their urging the matter for the first time on a motion for a new trial. Langer v. United States, 8 Cir., 76 F.2d 817, 827–828.

■ Defendants' contention of error with respect to denial of access to the grand jury's minutes of McNeal's testimony is totally devoid of any merit. No attempt was made to show "a particularized need" which would outweigh the policy of secrecy. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323, is dispositive of this issue. The sole reason advanced for such inspection is that informer McNeal was a "disreputable witness". Certainly the character of the witness in and of itself does not demonstrate the particularized need referred to in Pittsburgh. And the record does not show that the request was made for the purpose of impeachment. Nor was a request made that the trial court examine McNeal's grand jury testimony *in camera* as was requested in United States v. Hernandez, 2 Cir., 282 F.2d 71.

■ Defendant Coduto urges that the District Court by its actions and conduct displayed antagonism toward him which prejudiced him in the eyes of the jurors. In our opinion none of the specific complaints in this respect are such as would demonstrate that the conduct complained of was intended or calculated to disparage the defendant in the eyes of the jury or to prevent the jury from exercising an impartial judgment on the merits. Goldstein v. United States, 8 Cir., 63 F.2d 609. We are satisfied that when the criticisms advanced are considered in connection with the entire record they are of minor significance and that no substantial rights of the defendant were impaired. See

United States v. Glasser, 7 Cir., 116 F.2d 690, 704–705, and Glasser v. United States, 315 U.S. 60, 83, 62 S.Ct. 457, 86 L.Ed. 680.

We have examined the instructions given and are of the opinion that when they are considered as a whole the jury was properly and adequately instructed. The particular instruction given on credibility together with the instructions on impeachment of witnesses and expectation of reward for testimony were such that there was no error in rejecting an additional instruction on informer testimony. Under the facts there was no error in the refusal to give the tendered instruction on alibi. Nor in our judgment was there reversible error in refusing the instruction tendered concerning explanation of flight.

Defendant Coduto's contention that the sentence imposed upon him is cruel and unusual is without merit. The sentences imposed were within the penalties prescribed by Congress for the offenses involved. See Smith v. United States, 10 Cir., 273 F.2d 462. They were neither cruel nor unusual.

Defendant Baker filed a motion to suppress certain evidence which was taken from his person by city police officers following his arrest on the morning of August 20th. The evidence sought to be suppressed was two fifty-dollar bills which were part of the funds advanced to McNeal. The basis of the motion to suppress was that the arrest and subsequent search and seizure were illegal and in violation of Baker's constitutional rights. Baker was arrested by investigator Turnbou and city police officer Tracy. The record of the suppression hearing establishes that Turnbou and Tracy had reasonable grounds and probable cause for making the arrest. That information relied upon in this connection was supplied by informer McNeal does not disqualify it as a basis for probable cause. United States v. Walker, 7 Cir., 246 F.2d 519. The search and seizure followed a legal arrest and consequently there was no error in the District Court's refusal to suppress the evidence.

The judgments appealed from are affirmed.

Affirmed.