**UNITED STATES of America,**
**Appellee,**

v.

**Charles TOMAIOLO, Appellant.**

**No. 257, Docket 26722.**

United States Court of Appeals
Second Circuit.

Argued Jan. 18, 1961.

Decided Feb. 6, 1961.

C. Joseph Hallinan, Jr., New York City (Anthony F. Marra, New York City, of counsel), for appellant.

Joseph J. Marcheso, Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Cornelius W. Wickersham, Jr., U. S. Atty. for Eastern District of New York, Brooklyn, N. Y., of counsel), for appellee.

Before MEDINA, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

This is the third appeal in this prosecution for the robbery of the State Bank of Suffolk on November 29, 1955. On the first trial appellant was convicted on a conspiracy count and two substantive counts. The conviction was reversed. United States v. Tomaiolo, 2 Cir. 1957, 249 F.2d 683. On the second trial appellant was found guilty on the conspiracy count (the conviction here in issue) and the jury disagreed on the two substantive counts. On the third trial a conviction was had on the two substantive counts. That conviction was set aside by this court for failure to turn over to the defense a statement of the principal government witness, Pauline Newman. United States v. Tomaiolo, 2 Cir. 1960, 280 F.2d 411. The instant appeal, from the conviction in the second trial on the conspiracy count, is based on the failure to make available the same statement. Its production was plainly required by the so-called Jencks statute, 18 U.S.C. § 3500. Campbell et al. v. United States, 81 S.Ct. 421 (Jan. 23, 1961) citing United States v. Tomaiolo, 2 Cir., 280 F.2d 411, 413. It is difficult to understand how the trial judge overlooked the glaring inconsistency, indeed, flat contradiction of the witness' testimony in the portion of the statement not made available to defendant's counsel. It is utterly incomprehensible that counsel for the United States, after the nature of the omitted language had been pointed up by the opinion of this court in 280 F.2d 411, 413, should argue here that a portion of a statement which among other things denied any knowledge of the robbery prior to February 12, 1956, did not relate to the subject matter of the testimony of the witness. Her testimony had described in detail the plans and preparations for the robbery, her accompanying defendant and another to the vicinity of the bank and her seeing them after they came out with the bag containing the proceeds of the robbery. "The interest of the United States in a criminal prosecution * * * 'is not that it shall win a case, but that justice shall be done,' Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314." Campbell v. United States, supra [81 S.Ct. 427].

Reversed and remanded.

MEDINA, Circuit Judge.

I concur in the result.