**UNITED STATES of America,**
Plaintiff-Appellee,

v.

James S. ZIMMERMAN and Eugene J.
Ciasullo, Defendants-Appellants.

No. 14238.

United States Court of Appeals
Seventh Circuit.

Dec. 23, 1963.

Sherman C. Magidson, John J. Cogan, Chicago, Ill., Jason E. Bellows, Chicago, Ill., for defendants-appellants.

Frank E. McDonald, U. S. Atty., William O. Bittman, Asst. U. S. Atty., Chicago, Ill., James P. O'Brien, U. S. Atty., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel for appellee.

Before DUFFY, CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

The defendants-appellants, James S. Zimmerman and Eugene J. Ciasullo, were convicted, following a trial before the court without a jury, of the offense of transporting firearms in interstate commerce in violation of 15 U.S.C.A. § 902.[1] Defendant Ciasullo was sentenced to imprisonment for a period of three years. Defendant Zimmerman was sentenced for a term of five years to be served concurrently with a state court sentence. Both appealed.

On August 16, 1962, the defendants, both previously convicted of crimes punishable by imprisonment for a term exceeding one year,[2] were arrested in Chicago, Illinois, at the O'Hare Airport Terminal, after they had checked their luggage at an airline counter on a flight departing for Cleveland, Ohio. A search of the luggage revealed each of the defendants was transporting a pistol and ammunition in his suitcase. These articles were admitted in evidence at the subsequent trial.

The defendants seek reversal of the District Court judgments on the grounds the court erred in denying their motions to suppress this evidence and testimony concerning the same; in finding and concluding the defendants had transported the pistols in interstate commerce; and in arriving at its determination of the credibility of one of the government's witnesses.

In connection with their claim that the court erred in denying their motions to

---

1. 15 U.S.C.A. § 902(e) provides: "It shall be unlawful for any person * * * who has been convicted of a crime punishable by imprisonment for a term exceeding one year * * * to ship, transport, or cause to be shipped or transported in inter-

state or foreign commerce any firearm or ammunition."

2. Zimmerman had four previous felony convictions and Ciasullo one such conviction.

suppress the defendants contend the arrests were made without probable cause and the subsequent search was in violation of the Fourth Amendment to the United States Constitution and the evidence secured thereby, and testimony relating to it, should have been suppressed. Defendants also contend the failure of the government F. B. I. agents to obtain a warrant to search the suitcases violated the defendants' rights under the Fourth Amendment.

In resolving the issues raised by these contentions, and by defendants' additional contention that the government failed to prove the *corpus delicti* of the offense charged—the interstate transportation of the firearms—we must view the evidence and the reasonable inferences which may be drawn therefrom in a light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Coduto, 7 Cir., 284 F.2d 464. As a reviewing court it is not our function to weigh evidence and determine credibility of witnesses. United States v. Jones, 7 Cir., 302 F.2d 46; United States v. Ziemer, 7 Cir., 291 F.2d 100. Appraisal of the record in the light of the above standard reveals testimony of government witnesses clearly sufficient to establish that the arrests were made on probable cause and with reasonable grounds; that the opening of the defendants' suitcases under the circumstances involved did not constitute an unreasonable search and seizure; and that the defendants had transported the pistols from Cleveland, Ohio, to Chicago, Illinois.

There is testimony of government witnesses,[3] three F. B. I. agents, from which the court could have found that the defendants had been kept under surveillance after they were observed claiming their luggage at the lower level of the O'Hare Airport terminal at approximately 12:40 P.M. on August 16, 1962, a few minutes after the arrival of United Air Lines's non-stop flight No. 169 from Cleveland, Ohio. The plane, scheduled to arrive at 12:38 P.M., had, according to the airline's records, arrived at 12:29 P.M. on that date. The Chicago F. B. I. office had been advised by the bureau's Cleveland office that the defendants had boarded United Air Line's flight No. 169 on that date on a non-stop flight to Chicago. Later that evening agent Moore was informed that the defendants were checking out of the motel to which they had gone and had made reservations on a flight to Cleveland. Moore went to the airport in the company of agents Grundler and Buckingham, arriving at about 10:05 P.M. Moore and Grundler accosted the defendants in the terminal and attempted to question Zimmerman concerning a matter then under investigation involving stolen bonds. In the course of his conversation with defendant Zimmerman, Moore, in the presence of defendant Ciasullo and agent Grundler, stated: "You have a reputation for carrying guns. Do you have any with you?" Zimmerman replied: "No, they're in our suitcases" and on further questioning stated they had brought the guns with them from Cleveland, Ohio, that morning. When Moore told defendants that this was a violation of federal law since they were both convicted felons, Zimmerman stated he had not been aware of such a law. The agents then placed the defendants under arrest, searched their persons, and obtained the baggage claim-checks from Zimmerman. Both claim-checks were attached to his airline ticket. The suitcases were then obtained from the airline and after each defend-

---

3. This testimony was elicited at the hearing on the motions to suppress. The defendants' testimony at that hearing was in conflict with that of the agents with respect to the conversation and circumstances surrounding their arrests and the search of the suitcases. The defendants stipulated that the testimony of the three F. B. I. agents who testified at the hearing on the motions would stand as their testimony in the case in chief—that if called to testify, their testimony would be the same—and the objections thereto would be the same. Defendants did not testify at the trial which followed.

**4**

ant identified his suitcase it was opened. A pistol and ammunition were found in each suitcase.

■ Defendants' attack upon the lawfulness of the arrests is predicated upon their contention that they took place earlier when Moore in the course of his conversation with Zimmerman replied: "I know that you don't have to talk to me and you can consult an attorney, but I want to talk to you" although the defendants in their testimony denied that any conversation preceded their arrest. But either version is but an attack upon the credibility of the government's witnesses and credibility was a matter for resolution by the trial court. In our opinion the admissions made in the conversation with agent Moore by defendant Zimmerman, in the presence of defendant Ciasullo and not denied or protested by the latter, furnished reasonable grounds and probable cause for the arrests.

■■ Defendants concede, that assuming the arrests were lawful, the agents had the right to seize the suitcases without waiting to obtain a search warrant, in order to prevent their removal from the jurisdiction on the flight departing for Cleveland, but contend the agents had no right to open and search the suitcases and seize the pistols and ammunition therefrom without obtaining a search warrant for that purpose. But such contention ignores the realities of the situation here involved and the factual and practical considerations of everyday life upon which reasonable and prudent men, not legal technicians, act. It is unreasonable searches that are prohibited by the Fourth Amendment. Carroll v. United States, 267 U.S. 132, 147, 45 S.Ct. 280, 69 L.Ed. 543. What is a reasonable search is not to be determined by any fixed formula. The question of the reasonableness of a search must find resolution in the facts and circumstances of the particular case. United States v. Rabinowitz, 339 U.S. 56, 63, 70 S.Ct. 430, 94 L.Ed. 653. Here the agents had been informed by the one defendant in the other's presence that the pistols, the means by which the offenses were committed, were in the suitcases. Specificity was the mark of the search and seizure here—no general or exploratory search for whatever might be turned up was involved. The suitcases were on the premises where the arrests occurred. Although the defendants had relinquished physical possession to the airline personnel so the luggage could be placed on the departing flight they retained a measure of control through the claimchecks. The trial judge likened the situation "as not too different than if the man had the suitcase in his hands". In such a case search of the suitcase would have been permissible. People v. McGowan, 415 Ill. 375, 114 N.E.2d 407.

■ The seizure of the suitcases without a warrant to prevent their imminent removal from the jurisdiction was reasonable. In our opinion, on the facts and circumstances here involved, the opening of the suitcases and removal of the pistols and ammunition—the purpose for which the seizure was made—was also reasonable. Kernick v. United States, 8 Cir., 242 F.2d 818.

The factual circumstances here involved serve to distinguish the case from United States v. Stoffey, 7 Cir., 279 F.2d 924; Rent v. United States, 5 Cir., 209 F.2d 893; Staples v. United States, 5 Cir., 320 F.2d 817, and similar cases relied upon by the defendants. And the underlying rationale of those cases is not inconsistent with the conclusion we have reached.

■ Defendants' claim of lack of proof of *corpus delicti* is based on their contention that no competent evidence was presented to corroborate the testimony concerning their admissions they had brought the guns from Cleveland to Chicago. We find no merit in this contention. The defendants were observed claiming their luggage at the airport within a few minutes of the arrival of the flight from Cleveland. This in itself was sufficient to corroborate the admissions. The corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus*

*delicti.* It is enough if the corroboration supports the essential facts admitted sufficiently to justify an inference of their truth. Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101. Moreover, there is testimony of a government agent that the Chicago F. B. I. office had been informed by the Cleveland office that defendants had boarded the non-stop flight to Chicago. Defendants now assert this testimony was hearsay, and although admissible in connection with the issue of probable cause on the hearing of the motions to suppress (Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327), it is not competent for corroboration purposes in the case in chief. But defendants stipulated the testimony of the agents at the hearing on the motions would stand as their testimony in the case in chief subject only to objections made thereto at the hearing on the motions and objections asserted in connection with a motion to strike made at the time of the stipulation. No objection to the admissibility of any of the testimony on the ground that it was hearsay was made at the time of the stipulation—nor was the question raised or argued by the motions for acquittal at the conclusion of the government's case or in any post trial motion. The objection now comes too late.

Defendants' remaining contention is that the trial judge based his determination of the credibility of one of the government witnesses in part on the court's knowledge of his credibility as a witness on other occasions. A remark made by the trial judge in connection with his ruling on the motions to dismiss does so indicate. But in all its pertinent and essential details the testimony of that witness is fully corroborated by other witnesses expressly found by the court to be credible. And the court rejected the defendants as credible witnesses stating: "I could believe them if all circumstances warranted it; I do not."

We conclude that the record presents no reversible error. The judgment orders of the District Court are affirmed.

Affirmed.