**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Chester GARELLI and Eugene Leonard, Defendants-Appellants.**

**Nos. 14393-94.**

United States Court of Appeals Seventh Circuit.

June 22, 1964.

Rehearing Denied July 23, 1964.

R. Eugene Pincham, Charles B. Evins, Chicago, Ill., for defendants-appellants, Chester Garelli and Eugene Leonard.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Chester Garelli and Eugene Leonard, defendants-appellants,[1] were convicted

---

1. Co-defendants who did not appeal are Mario Garelli, convicted on all counts and sentenced to imprisonment for 12 years; and William Bowen, convicted on two counts and sentenced for a term of 10 years.

following a jury trial on a three count indictment charging an unlawful sale of a narcotic drug in violation of 26 U.S.C.A. § 4705(a); unlawful concealment etc., of the drug in violation of 21 U.S.C.A. § 174; and conspiracy to receive, conceal, buy, sell, and facilitate the transportation and concealment of a narcotic drug knowing the same to have been imported in violation of § 174. Each was sentenced to imprisonment for a period of five years. Their consolidated appeals are based on defendants' contentions that the evidence is insufficient to support the convictions and that reversible error occurred in connection with the admission, and an instruction concerning the admissibility as to the defendants, of a narcotic agent's testimony with respect to a post-arrest admission of a co-defendant to ownership of a certain type of automobile.

■ There was testimony at the trial concerning the use of a black Chevrolet automobile in connection with the narcotic transaction involved. Both defendants testified on cross-examination to the effect that the co-defendant Mario Garelli did not own such a car. The narcotic agent's testimony that the co-defendant had admitted such ownership to him was relevant rebuttal testimony clearly admissible as to the co-defendant Mario Garelli. United States v. Crowe, 7 Cir., 188 F.2d 209, 213 and Shepard v. United States, 10 Cir., 64 F.2d 641, 642. The defendants complain that this testimony was admitted as against all defendants. The court commented in overruling defendants' objection to the admissibility of the testimony that he would instruct the jury on that. The defendants have not included the instructions as a part of the record on appeal. In the absence of the instructions we must assume they were proper. United States v. Harris, 7 Cir., 211 F.2d 656, 659.

■■ We turn to consideration of the question of the sufficiency of the evidence to support the convictions. In resolving this issue we must view the evidence and the reasonable inferences which may be drawn therefrom in the light most favorable to the government. We must take that view of the evidence less favorable to the party against whom the verdict is given and sustain the verdict if there be substantial evidence to support it. We do not weigh or determine the credibility of witnesses. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Zimmerman, 7 Cir., 326 F.2d 1; United States v. Jones, 7 Cir., 302 F.2d 46; United States v. Ziemer, 7 Cir., 291 F.2d 100; United States v. Coduto, 7 Cir., 284 F.2d 464.

So viewed the record discloses that pursuant to a previous telephone conversation between Roy Saunders, Jr., a special employee, and Mario Garelli in which Saunders expressed the desire to purchase narcotics, Saunders, in the company of Narcotic Agent Turnbou went to a Chicago, Illinois, tavern Garelli had designated. The tavern was operated by William Bowen. Defendant Leonard was seated at the bar with Mario Garelli and William Bowen. Turnbou and Saunders sat between Mario Garelli and Bowen. Saunders told Mario Garelli the quantity of heroin he wanted and Garelli said it would cost $1200.00. Mario Garelli asked Bowen if he thought Turnbou, who had been introduced by Saunders as "J. C., my lieutenant", was "all right", and was answered in the affirmative. The $1200.00 was given to Mario Garelli by Saunders who had obtained it from Turnbou. Garelli counted it and placed it in his pocket. Leonard who had been seated two and one-half to three feet from Garelli then directed Bowen to "call us a cab". When the cab arrived Mario Garelli advised Saunders he would telephone him, and Leonard, addressing Turnbou and Saunders, said: "We will see you tomorrow". Garelli and Leonard left in the cab.

Pursuant to a telephone call from Mario Garelli the following day, February 15, 1962, Turnbou and Saunders went to the Fifth Jack's Club at about 11 P.M. When Turnbou stopped in front of the Club a 1961 white Chevrolet auto-

mobile driven by Leonard parked in front of him and a black 1961 Chevrolet parked behind him. Leonard beckoned Turnbou to follow him. Turnbou did so. The three cars circled the block and returned to the Club. Chester and Mario Garelli had observed the cars depart and then entered the Club. While the cars were circling the block defendant Chester Garelli left the Club, crossed the intersection to 304 South Christiana Avenue, stopped, looked around, stooped down by the doorway, and then returned to the Club.

Turnbou and Saunders entered the Club on their return. The two Garellis were there and Chester Garelli told Saunders "we have been waiting for you". Mario Garelli said he had people watching the outside. Leonard was then standing about thirty feet from 304 South Christiana Avenue and "looking in all directions". Mario Garelli then pointed across the street to the doorway at 304 Christiana Avenue and told Turnbou "the package is over there". Saunders and Turnbou crossed the intersection and picked up an aluminum wrapped package from the doorway. The Garellis and Leonard, who were then in front of the Club, left the area.

It was stipulated that the package picked up by agent Turnbou from the doorway contained heroin.

That defendant Leonard heard and observed what took place at the bar on the previous day and participated in the transaction is evident from his conduct in concert with the other defendants and the jury was warranted in inferring that Chester Garelli pursuant to arrangement with the other defendants placed the narcotic in the doorway to which Turnbou was directed. The concert of action shown between the defendants is sufficient to sustain the convictions. As was pertinently observed in Direct Sales Co. v. United States, 319 U.S. 703, 713, 63 S.Ct. 1265, 1270, 87 L.Ed. 1674:

> "The step from knowledge to intent and agreement may be taken. There is more than suspicion, more than knowledge, acquiescence, carelessness, indifference, lack of concern. There is informed and interested cooperation, stimulation and instigation."

 Defendants' reliance upon cases such as Ong Way Jong v. United States, 9 Cir., 245 F.2d 392; Panci v. United States, 5 Cir., 256 F.2d 308; Evans v. United States, 9 Cir., 257 F.2d 121; United States v. Saunders, 6 Cir., 325 F.2d 840, is misplaced. The record here contains substantial evidence which supports the convictions.

The judgment orders of the District Court are affirmed.

Affirmed.