UNITED STATES of America,
Plaintiff-Appellee,

v.

Donald Morgan JONES, Defendant-
Appellant.

No. 14547.

United States Court of Appeals
Seventh Circuit.

Dec. 17, 1964.

Rehearing Denied Feb. 8, 1965.

F. Willis Caruso, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Richard T. Sikes, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Donald Morgan Jones, the defendant-appellant, and James Michael Cummings, were convicted, following a trial before the court without a jury, of possession of a sawed-off shotgun in violation of 26 U.S.C.A. § 5851. The indictment alleged their joint possession of the firearm and that it had been made in violation of 26 U.S.C.A. § 5821. Jones was sentenced to imprisonment for a period of five years. Only Jones appealed.

The shotgun, which was introduced in evidence at the trial, was found in the trunk of the automobile from which the defendant was taken on the occasion of his arrest. The defendant contends the District Court erred in denying his motion to suppress the evidence so obtained on the grounds of illegal search and seizure and that the evidence is insufficient to establish his possession of the gun. Thus the contested issues presented by the defendant's appeal are (1) whether the arresting officers had probable cause to effect the arrest and therefore conduct a lawful search of the automobile incidental thereto; and (2)

whether the evidence, viewed in a light most favorable to the government, establishes defendant's participation in possession of the shotgun.

In connection with the first issue the record discloses evidence that at about 1:00 A.M. on August 1, 1963, two police officers of the Village of Hazel Crest, Illinois, en route in a marked police vehicle in response to a report of a disturbance, were stopped by government witness, Frank Church, a resident of Hazel Crest, known to one of the officers who had met him on several occasions. Church informed the officers that two men, armed with pistols and a sawed-off shotgun, were in an auto described by Church, parked in a parking lot adjacent to the American Legion Post, and were waiting to kill him. Acting upon this information the officers summoned other suburban police for assistance and proceeded to the parking lot where they found an automobile, as described by Church, occupied by two men. Cummings was in the front seat and the defendant was discovered lying on the rear seat. A search of Cummings, after he emerged from the car, disclosed a fully loaded pistol. Jones was observed with his hand reaching behind the seat cushion, and as he was pulled from the car, the barrel and stock parts of a shotgun were observed. The officers proceeded to search the car for the shotgun. It was found in the trunk. A fully loaded automatic pistol was found between the rear seat cushion and the backrest.

■ The search here, unlike that in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, relied upon by defendant, was contemporaneous with the apprehension and arrest of the defendant and Cummings. And the information upon which the officers acted was furnished by a person known to one of them as a local resident he had met on other occasions. The information detailed the threat of a felony about to be committed upon the person of Church, the existence of the means to accomplish it, and the continued possession of those means—a sawed-off shotgun—was, under the circumstances related, basis for reasonable belief that such possession constituted a felony in and of itself.[1] In our opinion the facts and circumstances here involved constituted "probable cause" which justified the officers in making the arrests, and the search was incidental thereto. Although the officer's acquaintance with Church may have involved no previous tests of the latter's reliability the record reveals nothing which makes it unreasonable for the officer to have placed credence in the information Church gave him.[2] And, in dealing with the existence of probable cause we must advert to those factual and practical considerations of everyday life on which reasonable and prudent men act. Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879.[3] And, the alleged possession of an illegal weapon, secreted in a movable vehicle, in the early morning hours was here involved. The remaining portions of such a weapon—the sawed-off parts of the barrel and the stock were observed on the seat or floor of the automobile as the defendant was pulled from the car. The necessity of securing a warrant, under these circumstances, would be as naive and impracticable as it would have been in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

■■ We conclude that the arrests were lawful and the contemporaneous search incidental thereto was not unreasonable. It is unreasonable searches that are prohibited by the Fourth Amendment. Carroll v. United States, supra.

1. Possession of a shotgun so altered without payment of a $200.00 tax in advance of the alteration and the filing of a declaration of intent to so alter is a violation of 26 U.S.C.A. § 5851.

2. Whether the information given was true in all of its details is of no import.

3. Unlike Beck v. Ohio, 85 S.Ct. 223 (1964) the police officer in the instant case not only named and identified the informer, a person known to him, and disclosed the information given, but the informer also testified as to what he told the officer.

The question of the reasonableness of a search must find resolution in the facts and circumstances of the particular case. United States v. Rabinowitz, 339 U.S. 56, 63, 70 S.Ct. 430, 94 L.Ed. 653; United States v. Zimmerman, 7 Cir., 326 F.2d 1.

We turn to consideration of the sufficiency of the evidence to establish defendant's participation in the possession of the sawed-off shotgun. It is true the record does not disclose the defendant ever personally handled the weapon. But there is evidence that during the afternoon and evening preceding his arrest there were discussions between the defendant and Cummings and Church concerning participation in a "job" involving a South Bend, Indiana, bank. Both defendant and Cummings were armed with pistols. It was decided to procure a third weapon. The defendant participated in a search for handguns Cummings had previously secreted in a junk yard at Hammond, Indiana. When the search proved unfruitful it was decided to make a sawed-off shotgun from a shotgun Cummings had at his apartment. A hack saw was procured and all three returned to Cummings' apartment. The defendant left, and Cummings and Church effected the alteration of the shotgun, cutting off the barrel and stock. When defendant returned the shotgun was placed in the trunk of the automobile by Cummings in the presence of the defendant; the severed parts were placed on the back seat; and all three drove to the parking lot which was near Church's residence. Church left the car, stating that he was going to shave and change clothes and would return shortly.

The sawed-off shotgun was procured and placed in Cummings' automobile for a common purpose—the "job" for which the occupants of the car had assembled. In our opinion the record amply established the defendant's knowing participation in the possession of the weapon. And that is sufficient. Cf. United States v. Spatuzza, 7 Cir., 331 F.2d 214. And, certainly, Cummings was in no manner controlling his shotgun so as to prevent its use by the defendant.

The purpose of the presence of the weapon was a joint one and under the circumstances here presented it is but reasonable to infer a joint control, care and management in which the defendant participated. We perceive nothing in United States v. Landry, 7 Cir., 257 F.2d 425, relied upon by defendant, which requires a different conclusion. Arellanes v. United States, 9 Cir., 302 F.2d 603 is distinguishable on the facts. The defendant there was in an automobile with her husband but there was nothing to indicate she participated in the concealment of or had knowledge of the marihuana found in a door panel and under a seat.

Attorney F. Willis Caruso, a member of the Illinois Bar, ably represented the defendant in this Court pursuant to our appointment. We express our appreciation to him for his service in this assignment.

The judgment order of the District Court is affirmed.

Affirmed.