**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ali Ahmad Ali ABDEL–KHALEQ and Ascary Kanahan-Ramirez, Defendants-Appellants.**

**No. 14967.**

United States Court of Appeals Seventh Circuit.

Nov. 1, 1965.

Harry F. Polos, Samuel S. Siegel, Chicago, Ill., for appellants.

Edward V. Hanrahan, John Peter Lulinski, John Powers Crowley, Archibald T. Le Cesne, Chicago, Ill., for appellee. Gerald M. Werksman, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal from a conviction of defendants, Ali Ahmad Ali Abdel-Khaleq (Khaleq) and Ascary Kanahan-Ramirez (Ascary), upon a plea of not guilty for the crime of conspiracy to defraud the United States in its administration of the immigration and naturalization laws in violation of Section 371, Title 18, U.S. C.A.[1] Specifically, defendants were found guilty of conspiring to arrange a fraudulent marriage between Khaleq and an American citizen for the ultimate purpose of qualifying Khaleq as a non-quota immigrant for permanent residence in the United States.

At the trial, Government offered evidence tending to show the following facts. On December 18, 1961, Ascary and Fuad Yousef Suleiman Dabeit (Dabeit), an alien, met with Olga Rojas-Melendez (Olga), an American citizen, at the home of Esther Torres-Comacho

1. "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

(Esther), another American citizen. There, Ascary offered Olga money if she would marry Dabeit, the marriage later to be terminated by divorce. Esther was present when the offer was made, was a witness at the wedding which in fact took place subsequently, and was present when the agreed upon payment was made to Olga. Esther testified that a similar offer was made to her by Ascary respecting Khaleq.

Esther married Khaleq. Since Khaleq spoke only Arabic and Esther spoke Spanish, Ascary, who spoke Arabic, Spanish, and English, acted as interpreter at the wedding. (Ascary also acted as interpreter in the later proceedings before the Immigration Service.) Notwithstanding the marriage, Esther stated that she never lived with Khaleq. Quite to the contrary, Esther continued after the marriage to live with Thomas Colon, the man with whom she had been living for some time prior to the marriage.

Esther testified that Ascary told her that if she was questioned by Immigration Service officials, she was to say that she loved Khaleq and that she would go with Khaleq if Khaleq were to be deported. Ascary asked Esther to give him some of her clothing so that Immigration officials would see it if they visited Khaleq's apartment.

An Immigration inspector was led to suspect the genuineness of the marriage because Esther was 6 years older than Khaleq. Khaleq had married within a month and a half of his entry into the United States, and Khaleq spoke only Arabic while Esther spoke only Spanish. A subsequent Immigration Service investigation of Khaleq's apartment revealed no evidence of feminine occupancy.

Esther has not yet divorced Khaleq. She claimed that she had not done so because she lacked the money to obtain a divorce.

Appellants presented witnesses who testified that Esther and Khaleq did live together and were occasionally seen together. Khaleq testified to his good faith in the marriage and to his desire for its continuance.

On oral argument, counsel for appellants conceded that the Khaleq marriage with Esther was for the purpose of enabling Khaleq to remain in this country and was, indeed, a marriage of convenience; and that Khaleq did not love Esther but intended to stick with his bargain in appreciation for what she did.

On the preceding and similar evidence, relating to the appellants and Dabeit, which frequently was so involved and conflicting that the trial court expressed confusion at Government's testimony, the trial court acquitted Dabeit, but found Khaleq and Ascary guilty and sentenced them to thirty and sixty days imprisonment, respectively.

Appellants argue that Government's case rests largely upon Esther's testimony and that her testimony is unworthy of belief since Esther was shown to be sexually immoral and to have given contradictory testimony.

■ The trial court was aware of the moral character of Government's witnesses and of the conflicts in testimony. The trial court's determination of credibility is controlling, absent an abuse of discretion. United States v. Jones, 7 Cir., 302 F.2d 46, 47 (1962). It is fundamental that the credibility of witnesses is to be determined by the trier of fact and not by a reviewing court. United States v. Zimmerman, 7 Cir., 326 F.2d 1, 3 (1963); United States v. Jones, supra.

■ Viewing the evidence, as we must, in the light most favorable to the Government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Crumble, 7 Cir., 331 F.2d 228, 230 (1964); United States v. Zimmerman, supra, Government's evidence was sufficient to support the conviction of Khaleq and Ascary for conspiracy to defraud the United States in its administration of the immigration and naturalization laws.

The disposition of this case is consistent with and controlled by similar dispositions in cases of fraudulent mar-

riages for the purpose of circumventing the immigration laws of the United States. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953), affirming United States v. Lutwak, 7 Cir., 195 F.2d 748 (1952); United States v. Rubenstein, 2 Cir., 151 F.2d 915 (1945), cert. denied, 326 U.S. 766, 66 S.Ct. 168, 90 L.Ed. 462 (1945).

For the foregoing reasons the judgment of the district court is affirmed.

Affirmed.