Thomas Walker OAKES, Petitioner-Appellant,

v.

James F. HOWARD, Superintendent Kentucky State Reformatory, Respondent-Appellee.

No. 72–1774.

United States Court of Appeals, Sixth Circuit.

Feb. 8, 1973.

Thomas W. Oakes, in pro. per.

Ed W. Hancock, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, Ky., on brief, for appellee.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is the second time this appeal from denial of habeas corpus relief has been before this court. In the previous instance we remanded the case for evidentiary hearing, stating the issue as follows:

Petitioner complains that one of the members of the jury which convicted him of the offense which resulted in his current sentence was the wife of someone whom he had been previously convicted of robbing. The State appears to assume that this was true, but seems to assert that under no circumstances could this represent a federal constitutional violation.

The federal right to a jury trial, however is a right to a trial "by an impartial jury." Parker v. Gladden, 385 U.S. 363–364, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966); Turner v. Louisiana, 379 U.S. 466, 471, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965). Oakes v. Howard, 440 F 2d 1075, 1076 (6th Cir. 1971).

The evidentiary hearing thus called for has now been held and we have reviewed the transcript of evidence and the findings of fact and conclusions of law of the District Judge who again denied the writ. The evidence developed at the evidentiary hearing supports the findings and conclusions of the District Judge, and we affirm.

Appellant's lawyer, Burress, testified concerning the 1969 trial:

When the jury was impaneled, the court questioned the jury as to whether or not there was anyone on that jury that could fail to give him a fair trial or whether or not they had any reason why they couldn't give him a fair and impartial trial and no one answered. And I remember there was a man by the name of Sim Goff on the jury that lived down in the neighborhood where this store was broken into, the Vance store, and I saw Mrs. Edith Mears there, whom I knew, and I knew she was the wife of Leonard Mears, whose store had been broken into. I remember distinctly pointing those out to Mr. Oakes at that time and told him that those two men should be discharged from the jury—man and woman—and I remember distinctly that he said, "Oh, let it go. I'll accept the jury."

The District Judge found from the total evidence that Oakes knew that Mrs. Mears was on the jury panel and that his lawyer at the 1969 state court trial suggested that Mrs. Mears should be discharged from the jury and appellant Oakes declined.

The District Judge's findings of fact include the following:

Now, this is a question of evidence. This is sent here under the direction of the Court of Appeals for an evidentiary hearing and it is my responsibility to decide what the evidence shows. Well, the evidence shows simply this, that this petitioner, Thomas Oakes, a man of mature years, with apparently no defects of hearing or

seeing or anything pertaining to his senses, a man fully aware, and an intelligent man, with experience in the courthouse, as he himself testified to, was involved to the extent that he had been indicted by the grand jury; he then came into court and had an attorney appointed to represent him, an attorney who was not a young, inexperienced attorney, not an older attorney, semi-retired, so to speak, but one of the active members of the bar and one of the leading lawyers of the State of Kentucky, a man who was a dedicated professional man, a lawyer, alert to all his responsibilities and duties in the courtroom at that time; and Mrs. Mears was on the jury that went into the box to be selected, taken from the panel; this petitioner said that he had traded in their store and he knew Mrs. Edith Mears and he knew Mr. Mears, whether he said they were man and wife or not, but he knew they were related in some way, they were the same name and in the same store and in the same community; and he saw her there on the jury but he made no complaint about it, he did not question it; not only that, but this Court accepts the statement of Mr. Burress absolutely as he testified, that he called attention to the fact, to this defendant,—

MR. OAKES: No, he never said nuthin' like that.

THE COURT: Now, he says that he did and I believe that he did and I hold that he did, as a matter of fact, that Mrs. Mears was on there. Not only that, but the defendant saw her on there and when asked if he ought not to excuse her and the other gentleman—I forget what his name was—the defendant said, "No, the jury is all right. Let it go."

 The findings of fact of the District Judge are certainly not "clearly erroneous." Fed.R.Civ.P. 52.

We find no need to speculate as to whether appellant considered Mrs. Mears a potentially friendly juror or whether he might have intended to build error in-

to the trial. All we hold here is that appellant recognized Mrs. Mears, knew the facts, was advised by competent counsel to exclude her, and voluntarily declined to do so.

 The constitutional right to a fair and impartial jury trial has been described in Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1968); Turner v. Louisiana, 379 U.S. 466, 473–474, 85 S.Ct. 546, 13 L.Ed.2d 424 (1964); Frank v. Mangum, 237 U.S. 309, 332–334, 35 S.Ct. 582, 59 L.Ed. 969 (1914). The right described in these cases, however, does not include the right to claim a constitutional violation on the basis of asserted juror misconduct where the full facts on which the claim is based were known to appellant at trial, he was advised by his counsel to move to disqualify the juror, and he declined to do so. Failure to object to facts known at trial (claimed later to be prejudicial per se) precludes subsequent consideration of such a claim. United States v. Carter, 433 F.2d 874, 876 (10th Cir. 1970); United States v. Coduto, 284 F.2d 464 (7th Cir. 1961).

The judgment of the District Court is affirmed.